(85 South. 452)

**PUCKETT et al. v. STATE. (1 Div. 151.)**

(Supreme Court of Alabama. May 14, 1920.)

**Intoxicating liquors ⚷246—Automobile used without consent of owner not to be condemned.**

Where it is shown by the owner, in a proceeding by the state under Act Jan. 25, 1919 (Gen. Acts 1919, p. 13) § 13, to condemn an automobile used by the owner's chauffeur for the unlawful transportation of prohibited liquor, that he neither authorized, participated in, nor consented to the unlawful act of his servant, and that he was guilty of no negligence with respect to its anticipation or prevention, a condemnation of the vehicle cannot be sustained.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Proceeding by the State to condemn an automobile used by Walter E. Puckett's chauffeur for the unlawful transportation of prohibited liquors. From a decree of condemnation, Walter E. Puckett and others appeal. Decree reversed and rendered as to claimant Puckett.

Inge & Kilborn, of Mobile, for appellants.
J. Q. Smith, Atty. Gen., for the State.

SOMERVILLE, J. This is a proceeding by the state to condemn an automobile used by the claimant's chauffeur for the unlawful transportation of prohibited liquor in the city of Mobile, under section 13 of the act of January 25, 1919 (Gen. Acts 1919, p. 13).

We have carefully examined the evidence as presented by the bill of exceptions. There is no conflict in the evidence, and therefore no question as to the veracity of the witnesses. Construing the evidence in its every aspect most favorably for the state, we are satisfied that the automobile in question is not properly subject to condemnation as against its claimant and owner, Puckett, and that the decree of condemnation ought not to stand. Where it is shown by the owner that he neither authorized, participated in, nor consented to the unlawful act of his servant, and that he was guilty of no negligence with respect to its anticipation and prevention, the condemnation of the vehicle cannot be sustained. State v. Hughes, 203 Ala. 90, 82 South. 104. In the cases of State v. One

Lexington Automobile, 203 Ala. 506, 84 South. 297, and State v. Crosswhite, 203 Ala. 586, 84 South. 813, decided at this term, and in which *condemnation* was held proper, the evidence gave support to the inference of a want of reasonable diligence in discovering and preventing the unlawful use of the car.

Let the decree be reversed, in so far as it condemns the interest of the claimant, Puckett, to sale and forfeiture, and let a decree be here rendered in favor of said claimant.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

⚷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes