(88 South. 567)

## ECKL v. STATE.   (8 Div. 295.)

(Supreme Court of Alabama.   April 7, 1921.)

**1. Intoxicating liquors ⬤▷246—That owner of automobile was partner of one transporting whisky therein did not authorize condemnation.**

That the owner of an automobile used to transport whisky was a partner of the one so using it did not authorize its condemnation and sale, if he neither authorized, participated in, nor consented to the unlawful act and was not negligent in failing to anticipate or prevent such use.

**2. Intoxicating liquors ⬤▷250—Evidence held to show owner of automobile used for transporting whisky had no knowledge thereof.**

Evidence *held* to show that the owner of an automobile condemned and sold because used in transporting whisky did not know the car was being so used, and was guilty of no negligence.

**3. Intoxicating liquors ⬤▷255 — Proceeds of sale of car condemned for use in transporting liquors should be paid to innocent owner.**

Where the owner of an automobile seized because used for transporting whisky did not know of such use, and was not put upon inquiry, the court erred in ordering the car sold, and the proceeds should be paid to the owner.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Proceeding by the State of Alabama to condemn an automobile used in the illegal traffic of liquor, in which Ed Eckl interposed claim to the car. From an order of condemnation, claimant appeals. Reversed and rendered.

A. A. Williams, of Florence, for appellant.

This case should be reversed and rendered on the authority of 203 Ala. 90, 82 South. 104, and 204 Ala. 238, 85 South. 452.

J. Q. Smith, Atty. Gen., for the State.
No brief came to the Reporter.

MILLER, J. On the 6th day of June, 1920, G. W. Mitchell, the sheriff of Lauderdale county, Ala., seized an automobile (five-passenger Ford car), which had been and was then being used for the illegal conveying of prohibited liquors from one point in the county to another point therein, as shown by the allegations of the bill of complaint and the proof introduced in evidence.

Ed Eckl files claim to the car. The evidence shows that he owns it. He and one Frank Kotthoff were using it as a taxicab. Eckl furnished the car and paid the license, and Kotthoff furnished his services and ran it. After all expenses of operating and keeping the car were paid, the net profits were equally divided between them. The claimant, Eckl, testified:

---

"The trips to be made and the fares to be collected and everything connected with the operation of the taxi, I delegated to Kotthoff, and he kept the books, and I generally checked it over once or twice a week and had settlement."

[1] He also testified that he did not know that whisky was being transported illegally in the car, and that he had told Kotthoff never to allow it to be carried in it. Ed Eckl, the claimant, was partner with Kotthoff, but the entire management of the business was left with Kotthoff. The claimant Eckl resided at a different place and was a farmer. There was no evidence showing that he knew his car was being used for the illegal purposes, and the evidence discloses no fact calculated to put him on inquiry that it was being used to transport whisky. His being a partner of Kotthoff in the taxi business would not in itself authorize his car to be condemned and sold, if "he neither authorized, participated in, nor consented to the unlawful act of his" partner in transporting whisky unlawfully therein, and if he "was guilty of no negligence with respect to its anticipation or prevention."

[2] Under the undisputed evidence in this case, after reading it carefully, we do not think claimant knew his car was being used for illegal purposes, and he was guilty of no negligence with respect to its being used unlawfully to transport liquor by Kotthoff. Puckett v. State, 204 Ala. 238, 85 South. 452; State v. Hughes, 203 Ala. 90, 82 South. 104.

[3] The court erred in ordering the car condemned and sold. It appearing that the car has been sold under the decree of the court, the proceeds should be paid to .the claimant.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.