(88 South. 591)

**FEARN v. STATE ex rel. ALMON.** (8 Div. 324.)

(Supreme Court of Alabama. April 7, 1921.)

**Intoxicating liquors ⬦⟶246—Automobile purchased by father and turned over to son, who used it for transportation of liquor, subject to condemnation.**

Automobile purchased by a father and lent or turned over to his son for use as a public taxicab, to be paid for out of the proceeds of the taxicab business, a license being issued to the son to run it in his name as owner, which the father knew, *held* subject to condemnation and forfeiture under Gen. Acts 1919, p. 13, § 13, where used by the son for the unlawful transportation of whisky.

Appeal from Circuit Court, Madison County; Robt. C. Brickell, Judge.

Petition by the State of Alabama, on the relation of D. C. Almon, against Percy Fearn to condemn an automobile because used to transport illegal liquor, wherein Henry Fearn claimed the automobile. From decree of condemnation, claimant appeals. Affirmed.

Douglass Taylor, of Huntsville, for appellant.

The court erred in rendering its decree of condemnation. 203 Ala. 90, 82 South. 104; 203 Ala. 517, 84 South. 760; 204 Ala. 238, 85 South. 452; 85 South. 500.

J. Q. Smith, Atty. Gen., for appellee. No brief came to the Reporter.

MILLER, J. This is a proceeding by the state, through its solicitor, to have condemned one five-passenger Ford touring car as the property of Percy Fearn, because used by him for the unlawful transportation of whisky.

Percy Fearn's father, Henry Fearn, propounds his claims, averring that he owns the automobile, and that it was used wthout his knowledge or consent for the unlawful purpose, and that he had no knowledge of facts that would or did put him on notice or inquiry that it was so used.

The evidence shows that defendant was running a public taxicab with this automobile in his own name in Huntsville, Ala., in August, 1919. During that month the defendant and Nelson Lackey drove this car from Huntsville to the residence of Dave Hawk, in Madison county, Ala., in the night, and sold him two automobile tires for $50, and received in payment therefor $10 in cash and two gallons of corn whisky. The whisky was placed in this car. They drank some of it, and brought the balance in the car over the public road to Huntsville, Ala. The two automobile tires were stolen. They were afterwards identified as having been stolen from the store of C. E. Wise in Huntsville. Nelson Lackey, who was with the defendant when they sold the tires to Dave Hawk, has been indicted for stealing them.

The defendant, Percy Fearn, did not testify in the case. His father, Henry Fearn, the claimant, testified that he purchased the car for $400 from Joseph Feger—$350 cash and note for $50 payable in 30 days. Receipt for $350 from Feger and note for $50 to Feger were introduced in evidence. The note was paid. Joseph Feger did not testify.

On direct examination claimant stated:

"When I bought the car I loaned it to my son, Percy Fearn, to run as a public taxicab. I never knew of any prohibited liquors being transported 'in this car. I did not operate the car myself as a taxicab, but it was operated solely by my son, Percy Fearn. I told Percy several times before the car was seized never to carry any whisky in it."

On cross-examination he said:

"I sent Percy, my son, for the automobile license, and I think the application for same was made and the license was issued in his name as owner. I let him have the car with the understanding that when he made enough money in the taxicab business he was to pay me for the car, the amount I had paid for it. I paid the money for the automobile license. I bought it for the purpose of setting Percy up in the taxicab business, and immediately upon its purchase I turned it over to him."

On redirect examination he said:

"The car was not to belong to Percy until he paid me the $400, none of which he has ever paid."

On recross-examination:

"Percy was to and did keep the car in repair during the time he had it out of the proceeds arising from his taxicab business."

The car was used by the defendant to transport the liquor in an unlawful manner. He was using it at the time in a public taxicab business. The license was issued to him to run it in his name as owner, and the claimant knew it. The claimant says first he "loaned" it to his son; on cross-examination:

He "let him have the car with the understanding that when he made enough money in the taxicab business he was to pay me for the car. I bought it for the purpose of setting Percy up in the taxicab business, and immediately upon its purchase I turned it over to him."

Under the peculiar facts of this case the court is of opinion the car is subject to condemnation and forfeiture. Gen. Acts 1919, p. 13, § 13.

⬦⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The court below properly disallowed the claim of Henry Fearn and ordered the car condemned and sold.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.