(100 South. 780)

MAY v. STATE. (6 Div. 81.)

(Supreme Court of Alabama. June 12, 1924.)

1. Appeal and error ⊕═931(1)—Proof taken by deposition reviewed, without presumption in favor of trial judge's finding.

Proof taken by deposition reviewed, without presumption in favor of trial judge's finding.

2. Intoxicating liquors ⊕═250—Proof held to put burden on owner of confiscated car to show he had no notice of intended illegal use.

In suit to condemn automobile used to transport prohibited liquors, proof that owner hired it to parties caught returning in it with jug of whisky shortly afterwards cast on owner burden of showing, to court's reasonable satisfaction, that he had no knowledge or notice of intended illegal use, and could not have obtained such knowledge by reasonable diligence.

3. Intoxicating liquors ⊕═250—Car owner's lack of knowledge or notice of intended illegal use of car by hirers held not shown.

In suit to condemn automobile used for illegal transportation of prohibited liquors, evidence held insufficient to show that car owner had no knowledge or notice of illegal use to which hirers would put car.

4. Intoxicating liquors ⊕═246—Automobile used by hirer to illegally transport, confiscated notwithstanding his promise not to so use.

Owner, letting automobile to one suspected of purpose to use it in transporting prohibited liquors, cannot rely on latter's mere promise not to do so, but must suffer consequences of his lack of due diligence.

⊕═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Marion County; Ernest Lacy, Judge.

Bill in equity by the State of Alabama, on relation of Fred Jones, as solicitor, against Moorman May, for the condemnation of an automobile seized while being used for the illegal transportation of prohibited liquors. From a decree of condemnation, respondent appeals. Affirmed.

C. E. Mitchell, of Hamilton, for appellant.

Where the owner neither authorized, participated in, nor consented to the unlawful act, and was guilty of no negligence with respect to its anticipation, condemnation of the property cannot be sustained. Puckett v. State, 204 Ala. 238, 85 South. 452; Eckl v. State, 205 Ala. 466, 88 South. 567. Mere suspicion of the owner's connivance is not sufficient. Liberty Roadster v. State, 206 Ala. 110, 89 South. 273.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The burden is upon the claimant to show he had no notice of the unlawful use and could not have acquired such knowledge by due diligence. State v. Lexington Auto., 203 Ala. 506, 84 South. 297; State v. Merrill, 203 Ala. 686, 85 South. 28; State v. Paige Auto, 204 Ala. 44, 85 South. 276; Flint Motor Co. v. State, 204 Ala. 437, 85 South. 741; State v. Farley, 206 Ala. 172, 89 South. 510; State v. Leveson, 207 Ala. 638, 93 South. 608.

BOULDIN, J. [1] The appeal is from a decree condemning an automobile engaged in the transportation of prohibited liquors. The proof below was taken by deposition, and we review it without any presumption in favor of the finding of the trial judge.

[2] The car was caught while engaged in transporting liquors. The owner, engaged in running a taxi, hired it to two barbers in his own neighborhood for a trip at night. Within about two hours thereafter these parties were caught on the road, returning in the car with a jug of whisky. This cast upon the car owner the burden of showing, to the reasonable satisfaction of the court, that he had no knowledge or notice of the illegal use to which the hirers would put his car, and could not, by reasonable diligence, have obtained knowledge or notice of such intended use.

[3] It is clear that the hirer who first spoke for the car was frequently going out for whisky; that this was general repute in the village. Appellant admits knowledge that he had been fined for drinking.

In appellant's testimony much stress is put on the fact that when approached for the use of the car, he gave warning that whisky must not be hauled in it; repeated this warning to both parties, and exacted a promise that no whisky would be hauled in the car. It is not disputed that while these negotiations were going on, the enforcement officer appeared or passed by the parties. The testimony of the officer indicates a desire to avoid him, and that he heard the hirers tell the owner they were going to a different place from that first given to the owner, as testified to by himself and witnesses. It is clear that they did go to the place named by the officer, that he anticipated what happened, and caught them returning with a two-gallon jug of wild cat whisky. Indulging all due presumptions in favor of good faith, and so finding that the owner was persuaded by fair promises and assurances to believe that they were going to the home of Cantrell's father, and would haul no liquor in his car, the conclusion remains that he had reason to suspect the purpose of their trip. That he did suspect it until so promised, is evidenced by his inquiries and warnings.

[4] We may as well declare it a rule of law in Alabama that the owner of a car, when called upon to let it to one suspected of a purpose to use it in the transportation of liquors, cannot rely upon his mere promise not to do so. The owner takes a chance that lacks due diligence, and must suffer the consequences. This may be a severe rule, but the lawmakers have shown a clear intent to place this responsibility upon the citizen. Any other rule would lead to easy and safe evasion of the law.

We agree with the trial judge that the appellant has not met the burden of proof which the law has cast upon him.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.