(104 So. 401)

## COMMERCIAL CREDIT CO. v. STATE.
### (7 Div. 563.)

(Supreme Court of Alabama.   May 14, 1925.)

**Intoxicating liquors ⊥246—Seller of automobile and assignee of purchase-money notes held to be accorded protection as bona fide purchasers whose interests were not subject to condemnation.**

Where purchaser of automobile was suspected by police of violating liquor laws, but otherwise enjoyed good reputation, *held* that such reputation was not conclusive, and seller and assignee of purchase-money notes, who made inquiries without learning purchaser's purpose in buying automobile, should be accorded protection as bona fide purchasers, and their interests were not subject to condemnation.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Special Judge.

Petition, or bill in equity, by the State against Norman Fitzgerald and another to condemn a Chevrolet automobile alleged to have been used in the illegal transportation of prohibited liquors, with claim by the Commercial Credit Company.   From a decree of condemnation, claimant appeals.   Reversed and remanded.

Duke Logan, of Anniston, for appellant.

---

⊥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 20 Ala. App. 24.      [2] 20 Ala. App. 117.

The decree was erroneous in condemning the interest of claimant. Carey v. State, 206 Ala. 351, 89 So. 609; Flint Motor Co. v. State, 204 Ala. 437, 85 So. 741.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAYRE, J. Appellant, the Commercial Credit Company, took from George E. Barlow an assignment of notes due for installments of purchase money to be thereafter paid. The automobile for which these notes were given in partial payment had been sold by Barlow to Fitzgerald. We think it should be conceded that the evidence warranted the conclusion that the automobile had been used by Fitzgerald for the unlawful transportation of forbidden liquor a very short time before its seizure, and so that any interest he had in the vehicle was properly condemned. But as to Barlow and the Commercial Credit Company our conclusion is that a different judgment should have been rendered. The evidence went to show that Fitzgerald had for some time been under the surveillance of police officers of Anniston and one or two agents of the law enforcement department who were stationed there, but had not been arrested for any violation of law. They suspected that he was engaged in the illicit liquor traffic. But Fitzgerald had, for years and until about a month before his purchase of this car, been an employee of the pipe works, earning good wages, and outside of police circles he had a good reputation. Conceding for the argument that the vendor and his assignee were affected by this limited reputation, and that it was sufficient to put them on notice of facts which reasonable inquiry would have developed going to show that the vendee might reasonably be expected to use the vehicle for the transport of liquors, in line with recent decisions of this court (State v. Hughes, 203 Ala. 90, 82 So. 104; State ex rel. Tate v. One Lexington Automobile, 203 Ala. 506, 84 So. 297; Bowling v. State, 204 Ala. 405, 85 So. 500; Briscoe Motor Car Co. v. State, 204 Ala. 231, 85 So. 475; One Packard Automobile v. State, 204 Ala. 435, 86 So. 21; Glover v. State, 205 Ala. 446, 88 So. 437; Eckl v. State, 205 Ala. 466, 88 So. 567; Fearn v. State ex rel. Almon, 205 Ala. 478, 88 So. 591; Cherry-Ellington Auto Co. v. State ex rel. Sarrell, 210 Ala. 469, 88 So. 389; May v. State, 211 Ala. 449, 100 So. 780; Equitable Credit Co. v. State ex rel. Perry [Ala. Sup.] 102 So. 802[1]), still, reputation of the sort here shown was not conclusive, and the court is of opinion that the inquiries made by both Barlow and the Commercial Credit Company without learning anything derogatory to the purchaser's intent in buying the car evinced reasonable care, and so that their interests were retained and acquired respectively in good faith and were due to have that protection which is accorded to bona fide purchasers for value without notice. It results that the decree of the trial court is reversed, and the cause is remanded that a decree may be rendered in agreement with the views here expressed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.