(106 So. 868)

## WRIGHT MOTOR CO. v. STATE.
### (6 Div. 541.)

(Supreme Court of Alabama. Jan. 14, 1926.)

**1. Intoxicating liquors ⬸246—When buyer's reputation as violator of prohibition laws imputed to seller, so as to convict him of culpable negligence in selling car, stated.**

In proceeding to condemn automobile used to convey prohibited liquor, wherein seller of car was an intervening claimant, buyer's reputation as violator of prohibition laws was not imputed to seller, so as to convict him of culpable negligence in sale of car, unless such reputation was a general one, existing at buyer's place of residence, or at his place of business or occupation, and when car was sold.

**2. Intoxicating liquors ⬸246—Buyer's interest in car used to convey prohibited liquor alone subject to condemnation.**

Buyer's interest in automobile used to convey prohibited liquor was alone subject to condemnation, where seller was without notice of buyer's reputation as a violator of prohibition laws, and hence was not negligent in sale of car.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Petition or bill in equity by the State of Alabama to condemn an automobile owned by Ulas Ward, used in the unlawful transportation of prohibited liquors, with intervention of claim by the Wright Motor Company. From a decree granting the petition of condemnation and disallowing the claim of intervention, claimant appeals. · Reversed and remanded, with directions.

K. V. Fite, of Hamilton, for appellant.

The character or reputation of the vendee, to put the vendor on notice, must be the general character or reputation of the vendee as a violator of the prohibition laws. Edwards v. State, 213 Ala. 122, 104 So. 255; Equitable Credit Co. v. State, 212 Ala. 406, 102 So. 802; Id., 212 Ala. 407, 102 So. 804.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J.  In this case, wherein the vendor of the car sought to be condemned is an intervening claimant, the judgment of condemnation is rested upon testimony ·tending to show the reputation of the vendee—who illegally used the car—as a consumer of and dealer in contraband liquors. Other than the constructive notice to be ,imputed to the claimant from such a reputation, there is nothing tending to show any knowledge on the part of the claimant, or any notice to him, that the vendee intended to, or was likely to, use the car in violation 'of the prohibition laws.

The sole question presented on this appeal is whether there was sufficient evidence before the trial court to permit a finding of fact that the vendee of the car had such a reputation of being a violator of the prohibition laws, and at such a time and such a place, as, within the contemplation of the rule announced in Edwards v. State (Ala. Sup.) 104 So. 255,[1] and other later cases, may have put the vendor on notice thereof, and so imposed upon him the duty of active diligence to avoid the unlawful use of its property by this vendee.

[1] In order for the vendee's bad reputation to be accorded such an effect by way of notice to the vendor, so as to convict him of culpable negligence, the bad reputation must be a general reputation; it must exist at the vendee's place of residence, or at his place of business or occupation; and it must have existed at the time the car was sold to the vendee.  These three features of reputation were correctly stated by Miller, J., in dealing with this subject, in Equitable Credit Co. v. State ex rel. Perry, 212 Ala. 407, 102 So. 803, 804.  And the proper preliminary in proving any one's reputation is to ask the witness if he knows it.

Our examination of the reputation testimony in this case shows that it is in every instance lacking in one or more of these essentials, and we are therefore constrained to hold that it is not sufficient to show notice. to the claimant of the vendee's bad character, and so to convict him of negligence in the sale of the car.

[2] The testimony was presented by depositions only, and our view of its insufficiency must lead to a reversal of the decree of the trial court, and a remandment of the cause for an appropriate decree protecting the superior right of the claimant, and directing a sale merely of the purchaser's interest in the car, which alone is subject to condemnation.

Reversed and remanded, with directions.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

