### HOCKSTEIN v. STATE.  (1 Div. 400.)

(Supreme Court of Alabama.  May 13, 1926.)

1. Intoxicating liquors ⬮250—State's evidence held to make prima facie case for condemnation of taxi, where deputy sheriff testified that driver threw out three bottles of whisky while being pursued.

State's evidence *held* to make prima facie case for condemnation of taxi, where deputy sheriff testified that driver threw out three bottles of whisky while being pursued.

2. Intoxicating liquors ⬮251—Condemnation of taxi held not warranted, where owner showed that she did not authorize, participate in, or consent to, driver's act of transporting liquor therein, and was guilty of no negligence with respect to its anticipation and prevention.

Condemnation of taxi *held* not warranted, where owner showed that she did not authorize, participate in, or consent to, driver's act of transporting liquor therein, and was guilty of no negligence with respect to its anticipation and prevention, though testimony for state had made prima facie case for condemnation.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by the State against Mrs. W. N. Hockstein and another, for the condemnation of a Nash motor car used for the transportation of contraband liquor. From the decree, named defendant appeals. Reversed and rendered.

W. O. Robbins testified on behalf of the state that he was the chief deputy sheriff for Mobile county, and that on May 7, 1925, he carried a negro trusty prisoner in the Mobile county jail into the sheriff's office, and had him call No. 3, which is the telephone number of Number Three Taxi Company, for which L. N. White drives, and call for Mr. Louis Nelson, and in about a minute's time he heard the prisoner say:

---

"Is that Mr. Louis? Have you got any Scotch? This is the porter at the Cawthon Hotel. Bring me three bottles of Scotch to the corner of Conception and St. Louis streets in three minutes."

And then the witness parked his car, and in fifteen minutes this Nash car came down St. Louis street, and turned into Conception; that White was driving it, and he followed him down Conception street, and turned back down Joachim street, and between St. Francis and St. Louis streets he drove up beside him, and blew for White to give him the road; that White saw him, and immediately speeded up his car, and turned west on St. Louis street, going about 30 miles an hour. He kept blowing for White to get out of the way, and, when White passed Lawrence street under the light, witness saw three bottles of whisky thrown out of the car, and he ran White down until he turned into Bayou street and stopped; and witness got out of his car and went back to where he saw the bottles thrown out of the car, and he saw a whisky bottle broken there with a label on it, with the whisky running on the ground, but that he did not find the other two bottles.

L. N. White testified as a witness for the defendant that he was employed as a chauffeur for Number Three Taxi Company, which was operated by Mrs. Hockstein, who employed him about five months prior to the trial; that at the time he was employed, and on every day during his employment, he was instructed not to haul any whisky, or to get any for anybody; that Mrs. Hockstein gave her personal attention to the taxi company; that she was general manager, and was there every day from 9 o'clock in the morning until 11 o'clock, and sometimes 1 or 2 o'clock the next morning; that he remembers the occasion when Mr. Robbins, the deputy sheriff, pursued him, and at that time he had a call to come to the Cawthon Hotel; that the office man of the taxi company, Mr. Peterson, told him to go to the Cawthon Hotel; that their cars were kind of busy, and he had just come in with another load, and Peterson told him to go to the Cawthon Hotel and see a passenger standing there; and that, if he didn't see that passenger, to go to St. Louis and Warren streets, and pick up a passenger for the Louisville & Nashville Station; that he did not take any whisky with him, and he had no package of any kind, and was not given anything to deliver to anybody; that he went to the Cawthon Hotel, and nobody was there, and he just slowed down and turned into Joachim street, and when he reached St. Louis street the deputies commenced shooting at him, and, when he turned into St. Louis street, they never called to him to halt or said anything to him, but commenced shooting at him, and he naturally picked up speed; that nothing was thrown out of his car; that he did not have three bottles of Scotch whis-ky, and did not throw it out of the car; that he threw nothing out of the car, and had no whisky of any kind in it.

Mrs. Hockstein testified in her own behalf that she was the manager of Number Three Taxi Company, and owned the taxis; that she employed this man, L. N. White; that she instructed him when she employed him, and gave all of her employees instructions, not to haul whisky in her cars or to have whisky in her cars; that she did not authorize him to haul or transport whisky in these cars at any time; that she had notified him not to do it, had notified him not one time, but every day, and had notified all of them every day; that the Nash car No. 158420, license No. B-180-357, was her car; that she bought it, and has owned it since the 14th of July, 1924; that nobody else had any interest in that car; that she bought it from Mr. Harry Minto, who had owned it two months; that she was not engaged in the sale of liquor in any way at all; that she manages the operation of this taxi business, and is there all the time from 9 o'clock in the morning until 10 and 11 at night, and sometimes until 1 and 2 o'clock in the morning, and sleeps on the place; that she remembers when this car was seized by the deputy sheriff; that she was not sitting at the desk that night, but she was right there in the office; that this car was not sent out with any whisky, and that she did not know that any whisky was in the car; that she had not authorized anybody to transport any whisky in it; that she is always watching the drivers, looking after them, and cautioning them not to transport any whisky in these cars, and every day of her life she was always telling them not to put a drop of whisky in her cars; that she has never at any time given them permission or allowed them to use her cars for transporting liquor; that Mr. Louis Nelson, her husband, has no interest in this taxi business; that this is her business, and operated by her, and that she paid for it; that White had no interest in this Nash car.

On cross-examination Mrs. Hockstein testified that prior to his arrest White had been employed by her since the preceding January or February; that she had not known him prior to the time she employed him; that she needed a driver, and gave him a job, and intrusted her car to his care as she did with all of the drivers; that she did not know any of the drivers; that up to the time of the seizure of this Nash car White had never been arrested for violating the prohibition law while he was in her employ; that she had never heard of his being arrested for, or accused of, selling liquor; that she did not make any inquiry about him; that she never does about any of her chauffeurs, but she cautioned them about whisky; that she made no inquiry about them when she employed them; that to the best of her knowledge he

had never been arrested for violation of the prohibition law, not while he was in her employ; that no one had ever intimated to her, or told .her, that White had sold prohibited liquors; that she needed a driver, and she supposed some of the boys told him to come down and ask for the job, and she remembers that it was still cold weather when he applied for a position, and he said that he had been a taxi driver before; that he had a license to operate a taxi, and she told him to go up and get a chauffeur's badge; that she does not think he had one when he came to apply for a position with her; that to the best of her knowledge he got one afterwards, because they all know they have to have one, and that she had no reason to suspect that he would sell liquor.

On this testimony the court rendered a decree in favor of the state, and adjudged the car contraband and forfeited to the state, and ordered its sale, and from this decree the defendant and claimant, Mrs. W. N. Hockstein, appeals.

Inge & Bates, of Mobile, for appellant.

Where an automobile is driven by the owner's chauffeur, it should not be condemned for transporting liquor, unless the owner either had knowledge that the vehicle was being used for such unlawful purpose, or was guilty of such negligence or want of care as to charge him with knowledge or notice that the car was so used. State v. Hughes, 203 Ala. 90, 82 So. 104; Ford Auto v. State, 203 Ala. 517, 84 So. 760; Edwards v. State, 213 Ala. 122, 104 So. 255; Puckett v. State, 204 Ala. 238, 85 So. 452; Eckl v. State, 205 Ala. 466, 88 So. 567.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J.   [1, 2] The testimony for the state made a prima facie case for the condemnation of the car.

But, conceding that the taxi driver, White, carried liquor in the car, we think that Mrs. Hockstein, the owner, has satisfactorily shown that she "neither authorized, participated in, nor consented to, the unlawful act of her servant, and that she was guilty of no negligence with respect to its anticipation and prevention." Under such a showing, the condemnation of the car cannot be sustained. Puckett v. State, 204 Ala. 238, 85 So. 452; State v. Hughes, 203 Ala. 90, 82 So. 104.

The decree will be reversed, and one will be here rendered in favor of the claimant defendant.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.