(108 So. 863)

**MAY et al. v. STATE.    (4 Div. 252.)**

(Supreme Court of Alabama.    June 10, 1926.)

**1. Intoxicating liquors ⬅246.**

Automobile purchaser's general reputation for violating prohibition laws charges seller with knowledge thereof, or is sufficient to put him on inquiry.

**2. Intoxicating liquors ⬅253—Trial court's judgment on oral testimony as to identity of automobile when used in transporting prohibited liquors, and general reputation of offender for violating prohibition laws when he purchased car from claimant will not be disturbed.**

Trial court's judgment on oral testimony as to identity of car used in transporting prohibited liquors, and general reputation of one transporting for violating prohibition laws when claimant contracted to sell car to him, will not be disturbed, when not plainly erroneous.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill in equity by the State against Clarence May and others to condemn an automobile alleged to have been used by defendant May in the illegal transportation of prohibited liquors, and to which the other defendants are reputed to claim some right or title. From a decree for complainant, defendants appeal. Affirmed.

Reid & Doster and Espy & Hill, all of Dothan, for appellants.

When it is clear that the trial court has found the facts incorrectly, the appellate court will review the findings and reverse the case. Graves v. Mixon, 213 Ala. 701, 104 So. 917; Marsh v. Elba Bank & T. Co., 205 Ala. 425, 88 So. 423; Wright Motor Co. v. State, 214 Ala. 120, 106 So. 868; Edwards v. State,

[2] 214 Ala. 150.

213 Ala. 122, 104 So. 256. The evidence is not sufficient to show Murphy knew of May's character for violating the prohibition law. Comm. Credit Co. v. State, 213 Ala. 169, 104 So. 401.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The evidence upon the contested point was in conflict, and the judgment of the trial court upon oral testimony should not be disturbed. McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; State v. Farley, 206 Ala. 172, 89 So. 510; May v. State, 211 Ala. 449, 100 So. 780.

THOMAS, J. A careful consideration of the evidence and brief of counsel convinces us that May was transporting prohibited liquors.

The state's evidence was sufficient to identify said car in use as a Hudson coach driven by said May. In rebuttal appellant sought to show that May's Hudson coach was in a repair shop at the time, and that May was driving a Ford coupé. The "U-Drive-It Co." contract is before us, and bears an equivocal date: "This the 17 day of Sept. 18, 1925." There was testimony of several witnesses that they saw the Hudson coach in said repair shop on the date or at the time in question. This tendency of evidence was sought to be met by the state by evidence to the effect that May removed his Hudson coach from the repair shop at a time sufficient to have used it in the illegal transportation in question, and for it to have been seen as indicated by state's witnesses. The statement of time is generally opinion evidence. The trial court had the witnesses before it.

[1] The tendency of state's evidence as to May's general reputation for violating the prohibition laws was that it was bad when the contract of sale was made, and this general reputation charged Murphy with knowledge thereof, or was sufficient to put upon him the burden of inquiry. Wright Motor Co. v. State (Ala. Sup.) 106 So. 868;[1] Equitable Credit Co. v. State ex rel. Perry, 212 Ala. 407, 102 So. 803; Bearden v. State, 211 Ala. 241, 100 So. 93.

[2] Under this state of the evidence, the judgment of the trial court upon oral testimony will not be disturbed. We cannot say, within the rule of Hackett v. Cash, 196 Ala. 403, 72 So. 52, that it is "plainly erroneous." McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Andrews v. Grey, 199 Ala. 152, 74 So. 62; State ex rel. Seibles v. Farley, 206 Ala. 172, 174, 89 So. 510; May v. State, 211 Ala. 449, 100 So. 780.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

