(110 So. 573)

**KOGER et al. v. STATE. (7 Div. 604.)**

(Supreme Court of Alabama. June 17, 1926. Rehearing Denied Dec. 9, 1926.)

**1. Intoxicating liquors ⬤⟞246—Decree forfeiting automobile used in transporting prohibited liquors held not defective because of defendant's minority (Code 1923, § 4778 et seq.).**

Minority of defendant in proceeding in rem, under Code 1923, § 4778 et seq., to forfeit automobile used in transporting prohibited liquors, did not render decree of forfeiture defective, where no personal judgment was sought or rendered against him and he interposed no claim of ownership.

**2. Courts ⬤⟞104—Supreme Court need not make detailed analysis of evidence sustaining judgment appealed from (Acts 1915, p. 594).**

Under Acts 1915, p. 594, it is not Supreme Court's policy to enter into detailed analysis of evidence sustaining judgment appealed from.

**3. Intoxicating liquors ⬤⟞250—Evidence held to make prima facie case of illegal use of automobile to transport prohibited liquors (Code 1923, § 4778 et seq.).**

Evidence, in proceedings under Code 1923, § 4778 et seq., to forfeit automobile, *held* sufficient to make prima facie case of illegal use thereof for transportation of prohibited liquors.

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Intoxicating liquors ⬦⟳250—Evidence held to show sufficient notice to claimant of automobile as to intended use thereof for transporting prohibited liquors.**

In proceeding to forfeit automobile used ·in transporting prohibited liquors, evidence *held* to show sufficient notice, attributable to claimant, to stimulate inquiry as to his son's intended use of car for such purpose, and insufficient to acquit claimant of negligence or fault.

**5. Intoxicating liquors ⬦⟳247—Automobile may be forfeited for transporting contraband liquor, whether for sale or personal use.**

Automobile is subject to forfeiture for use in transporting contraband liquor, whether for sale or personal use.

Sayre, J., dissenting.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill in equity by the State of Alabama against Floyd Koger, defendant, to condemn a Ford automobile, with interposition of claim by R. M. Koger. Judgment for complainant, and defendant and claimant appeal. Affirmed.

Isbell & Scott, of Ft. Payne, for appellants.

Counsel argue for error in the decree, and cite Carey v. State, 206 Ala. 351, 89 So. 609; Edwards v. State, 213 Ala. 122, 104 So. 255.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

GARDNER, J. Proceedings in equity by the state for the condemnation and forfeiture to the state of one Ford car under sections 4778 et seq., Code of 1923. That prohibited liquors were found in the car is without dispute. Floyd Koger is a young man yet under 21 years of age, and whose home is with his father, R. M. Koger, claimant here.

[1] The proceeding is in rem for the forfeiture of the car, and the fact that the proof developed that Floyd Koger, who was summoned as defendant therein, had not reached his majority, did not render the decree defective, as no personal judgment of any character was sought against him and none rendered, nor did he interpose a claim of ownership to the ·car.

[2] The evidence has been carefully considered by the court in consultation, and a discussion of it here would serve no useful purpose, nor has it been the policy of this court since the passage of the Act of 1915, p. 594, to enter into any detailed analysis of the evidence. Underwood v. Underwood, 200 Ala. 690, 77 So. 233.

[3] At the time of the search and seizure of the car (which occurred between 8 and 9 o'clock at night), it was standing "on the edge of the road," in front of the house of one Sample. The car was seen to run up to this place, stop, and the lights were put out, and the officers followed, searching it and finding therein contraband liquor within a few minutes from the time it was seen to stop. That the car was at the time referred to being driven by Floyd, claimant's son, is well established by the proof, though it was unoccupied ·at the time of the actual seizure. He was present at the search and then under the influence of intoxicants. The evidence was sufficient to make out a prima facie case of the illegal use of the car for transportation of prohibited liquors. Hall v. State, 213 Ala. 325, 104 So. 826; D. & S. Motor Co. v. State, 212 Ala. 371, 102 So. 805.

[4, 5] The father, R. M. Koger, claimant here, insists that the car was his, and, if used for such illegal purpose, was so used without his knowledge or consent, and that he was without fault. As previously noted, the son lived in the home of his father and was the only member of the family who could use the car, and, indeed, it would seem some of his funds were used in the purchase. We are rather impressed there was a community interest in the car between the father and son. The son's reputation "in reference to dealing with whisky" was bad, as shown by the proof. By this the witnesses intended to indicate that the son's reputation for dealing in whisky was for his own use, and not for the purpose of selling—one witness stating that, "He drinks all he can get hold of; I don't think he sells any." So far as the question of condemnation of the car is concerned, however, it is subject to forfeiture for use in transportation of contraband liquor whatever may be the purpose.

We therefore conclude, upon a consideration of the facts and circumstances here presented, sufficient notice is to be attributed to claimant to stimulate inquiry as to the intended use of the car, and that the evidence is insufficient to acquit· claimant of negligence or fault. Edwards v. State, 213 Ala. 122, 104 So. 255, and authorities therein cited.

The decree of condemnation and forfeiture will be here affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, MILLER, and BOULDIN, JJ., concur.

SAYRE, J., dissents.

⬦⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes