(117 So. 181)
GENERAL MOTORS ACCEPTANCE CORPORATION v. STATE.    (6 Div. 43.)

Supreme Court of Alabama.    May 24, 1928.

**Intoxicating liquors ⊂⊃246—For buyer's use of auto to transport liquor, seller's interest held not subject to condemnation, in absence of knowledge or showing of buyer's bad reputation.**

Interest of seller of automobile under conditional sale contract cannot be condemned for buyer's use of car in unlawful transportation of prohibited liquors, seller having no actual knowledge or notice that would stimulate inquiry that car would be used by buyer or any one for any illegal purpose, and there being no evidence to show buyer's reputation at the time of the sale as a violator of the prohibi-

tion in the community where she then lived or worked, so as to make seller negligent in selling.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill by the State of Alabama to condemn an automobile, with claim by the General Motors Acceptance Corporation. From a decree for complainant, claimant appeals. Reversed and remanded.

London, Yancey & Brower and Al. G. Rives, all of Birmingham, for appellant.

The purchaser of a conditional sale contract is not held to the responsibility of an insurer or guarantor of the conduct of the vendee or any one else who may use the car without the knowledge or consent of the owner of the contract. Flint Motor Co. v. State, 204 Ala. 437, 85 So. 741. For the bad reputation of the vendee to be effective as notice to the vendor or owner of the conditional sale contract, same must be a general reputation, existing at the vendee's place of residence, or business or occupation, and must exist at the time the car was sold to the vendee. Wright Motor Co. v. State, 214 Ala. 120, 106 So. 868; Edwards v. State, 213 Ala. 122, 104 So. 255.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

GARDNER, J. Bill in equity by the state to condemn an automobile owned by one Pearl Norton, a resident of Irondale, Jefferson county, used in the unlawful transportation of prohibited liquors, with intervention of claim by the General Motors Acceptance Corporation. From a decree granting the petition of condemnation, and disallowing the claim of intervention, claimant appeals.

The car, a Chevrolet roadster, was purchased by Pearl Norton from the Lasseter Chevrolet Company, of Gadsden. Ala., on March 5, 1927, a conditional sale contract being executed, which contract was duly purchased by the General Motors Acceptance Corporation, and upon which contract there was a balance due of $235 at the time of seizure on September 26, 1927. While the purchaser of the car interposed her claim, yet she offered no proof at the hearing, and the evidence was sufficient to warrant the decree of condemnation, so far as her interest was concerned.

The question of prime importance, however, relates to the finding of the court that the interest of claimant, General Motors Acceptance Corporation, was likewise subject to confiscation. It is not pretended this claimant, or the vendor, Lasseter Chevrolet Company, had any actual knowledge, or notice that would stimulate inquiry, that the car would be used by the purchaser or any one for any illegal purpose. But, to establish the right of condemnation as against this claimant, the state relied upon testimony of reputation of the purchaser, Pearl Norton, as a violator of the prohibition law. Speaking to this question, the court, in Wright Motor Co. v. State, 214 Ala. 120, 106 So. 868, said:

"In order for the vendee's bad reputation to be accorded such an effect by way of notice to the vendor, so as to convict him of culpable negligence, the bad reputation must be a general reputation; it must exist at the vendee's place of residence, or at his place of business or occupation, and it must have existed at the time the car was sold to the vendee."

To sustain this essential feature of the case, the state rested entirely upon the testimony of the deputy sheriff who made the seizure. As previously noted, the car was purchased March 5, 1927, and seized September 26th thereafter. The testimony of the deputy discloses that he did not know Pearl Norton until her name and address were given him in conversation with counsel for claimant, just "a week or two" prior to the trial, and that he did not know her general reputation in the community in which she resided or worked on March 5, 1927, and that, indeed, all he learned in regard to her was subsequent to the seizure of the car.

The evidence upon this question has been carefully read and considered by the court in consultation, and the conclusion reached that the state has wholly failed to show the reputation as a violator of the prohibition laws of the purchaser, Pearl Norton, in the community where she lived or worked at the time the car was sold. Some several witnesses testified to her good character in the community where she lived and worked at that particular time. As we read and understand the testimony of the deputy sheriff, it is not in conflict. The proof, therefore, is insufficient to place the vendor on notice, or impose upon him the duty of active diligence to avoid the unlawful use of its property by the vendee. Wright Motor Co. v. State, supra.

It results that the decree rendered must be reversed, and the cause remanded for appropriate decree protecting the superior right of this claimant, and directing a sale merely of the purchaser's interest in the car, which alone is subject to condemnation.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.