(121 So. 52)

## HAYES et al. v. STATE. (7 Div. 865.)

Supreme Court of Alabama. March 21, 1929.

Hugh Reed, of Center, for appellants.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

BOULDIN, J. The car, a Chevrolet coupé, was seized in Cherokee county, while being used by Joe Hayes and L. G. Cason in the transportation of 50 gallons of whisky.

The car was owned by the Talladega Chevrolet Company, claimant.

The substantial issue is whether the evidence supports the decree of condemnation against the owner.

Hayes was at the time in the employ of the company as a salesman on commission. As a part of his business, he drove cars for demonstration purposes. He had no defined territory, and drove cars to such points as business prospects suggested. Under the evidence he had driven this car from place to place for some two weeks before it was seized.

At the time he was employed by claimant, he had the general reputation of a bootlegger in and around Talladega, claimant's place of business.

He was arrested and convicted a few months before, and the state's evidence is that the president and general manager of defendant was so informed by a public officer before Hayes was employed. This is not denied.

The defense is rested upon the ground that by his contract of employment Hayes was not permitted to take cars from the premises without the permission of the sales manager; that on this occasion he did drive the car off without his knowledge or consent or that of any other officer. It seems to have been a general rule that such salesmen should inform the sales manager on going out with cars, giving the proposed destination and time of expected return.

Without question, Hayes, during business hours, about 8 a. m., drove the car out by the usual exit and proceeded on his bootlegging adventure. We do not think the case at all analogous to that of a stranger taking one's car without his knowledge and using it in transportation of contraband liquors. Hayes had access to and virtual custody of the car as an employé of the company.

If he had gotten a permit to go out with the car that day, and proceeded as he did, the car would have been subject to condemnation. One who employs a known bootlegger, and permits him to run cars to remote parts, cannot be held to have exercised the diligence required by law by exacting a promise to take a definite trip and return, and not to transport liquors. No more can he rely on the bootlegger's assurance that he will only take out the car as permitted. He who delivers his car to one having the general reputation of a bootlegger in the community takes the chances on his car being used in the transportation of contraband liquors. This is the settled rule of construction of our statute.

The same reasons underlying such rule apply to entering into a business relation with such person involving the use of one's car beyond his sight or control, and open to such use with or without compliance with a rule to report the trip and get a permit in advance.

In Puckett v. State, 204 Ala. 238, 85 So. 452, and Hockstein v. State, 214 Ala. 563, 108 So. 571, relied upon by appellant, it did not appear the employé involved had the general reputation of a bootlegger, much less actual notice of such fact to the owner.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.