(122 So. 463)
## AUBURN SALES CO. v. STATE.
### (6 Div. 299.)

Supreme Court of Alabama.   May 16, 1929.

Lange, Simpson & Brantley, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

GARDNER, J.   The Auburn automobile here involved was seized in the city of Birmingham by an officer when discovered with prohibited liquors therein.   That it was subject to seizure is not questioned.   The Auburn Sales Company interposed claim thereto, and upon the hearing before the chancellor the car was condemned for sale, from which decree the claimant appeals.

Under the rule recognized as applicable to this statute (section 4778, Code of 1923), if claimant had no notice or knowledge that the car was to be used for any unlawful purpose, or no notice or knowledge of any fact calculated to excite suspicion, so as to put a reasonably prudent person on inquiry as to such intended use, then inquiry on its part was not demanded.   "This rule was adopted as reasonable and just, and as expressive of the legislative intent that innocent parties free from fault should not suffer loss through the wrong of another."   Edwards v. State, 213 Ala. 122, 104 So. 255.   "The notice necessary to excite suspicion and stimulate inquiry may be slight, but, in any event, will necessarily be left to the determination of the facts in each particular case.   .It may be a notice imputed by law, such as general character of the purchaser as a violator of the prohibition law."   Edwards v. State, supra;   Koger v. State, 215 Ala. 319, 110 So. 573;   Glover v. State, 205 Ala. 446, 88 So. 437;   Wright Motor Co. v. State, 214 Ala. 120, 106 So. 868;   Gen. Motor Acceptance Corporation v. State, 217 Ala. 571, 117 So. 181.

At the time of the seizure (2 o'clock of the afternoon of November 8, 1928) the car was

being driven by one Charlie Dennison, who has a reputation in that community as a dealer in prohibited liquors. Had claimant knowingly placed its car in Dennison's possession, a different situation would be presented. Parker v. State, post, p. 362, 122 So. 464, present term. But such was not the case.

■ The evidence for claimant first establishes the ownership of this car and its use by the sales agent as a demonstrator. If this agent's testimony is to be believed, the possession of the car obtained from him amounted to theft by trickery. He states that about 11 o'clock of the morning of November 8th, a man and a woman drove up to the claimant's place of business in a Stutz roadster. The man gave his name as Smith, and posed as a prospective purchaser of a car, and wanted a roadster. No new roadster was in stock, but the agent showed him this Auburn 8 roadster, which he used as a demonstrator. The prospect appeared interested, and, after some discussion as to the engine and the tires, asked if there would be any objection should he take the car to his mechanic, saying he would let his car and his wife remain there during the time. The woman remained in the prospect's car (Stutz roadster), the agent talking to her, some 30 minutes, when she suggested some mishap, and that, as she knew where he was going to take the car, she would go and see what was the trouble, and drove off. The couple not returning, a search was instituted, and the next they learned of the car some one called the place and informed them the car had been seized and was at the county jail. The agent did not know, and had never seen, these two people, but he insists it was only natural to accede to the request of the prospect, in view of the normal desire not to offend by refusal, and especially in view of the fact that there was left a Stutz roadster with the woman remaining therein, whom he was led to believe was the prospect's wife.

We are not prepared to deny this insistence; but, in any event, there is nothing in the transaction to arouse suspicion of a reasonably prudent person that the possession of the car was obtained for an illegal purpose, or with any intent for use in the violation of the prohibition statute. The agent had been in Birmingham five or six years and with claimant only a few months. He knew Dennison when he saw him, and states positively this prospective purchaser was not he. There had been no sale of the property, but only a temporary possession, obtained for a stated legitimate purpose, and we think it clear from this proof, so far as the prohibition law is concerned, there was nothing in the circumstances calling for inquiry or action on the part of the agent. This leads to the conclusion that the decree rendered cannot be rested upon negligence of the agent in the respect indicated.

■ The state endeavored, it appears, to show some sort of confederacy between the agent of claimant and Dennison, in the proof by the officers that they had seen this car where Dennison resided just three weeks before the seizure. But in this we think the proof entirely fails. The testimony of these two officers, duly analyzed, was merely to the effect the car they saw at Dennison's was like the one seized, and they were unable to point to any one particular identifying feature. The proof is without dispute there were several cars sold in that community of the same model and same appearance.

When it is considered that all that occurred took place about midday, and nothing to show any intimacy whatever existing between the agent and any one criminally engaged, and no motive or interest on his part to thus subject claimant's property to the hazard of seizure, we think the conclusion of the existence of such confederacy, as attempted to be shown, must rest upon the merest conjecture, which will not suffice as sustaining a judgment or decree.

■ The evidence in this record is not voluminous, and has been carefully read and considered by the court in consultation. Further discussion thereof is unnecessary. We are persuaded claimant, as the innocent owner of this car, was entitled to its release. This conclusion is reached upon consideration of the uncontroverted evidence in the case, and the rule as to the weight to be given the finding of the court upon the facts when witnesses are examined orally before him, is without application. Edwards v. State, supra.

The decree will be reversed, and one here rendered in claimant's behalf.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.