(122 So. 464)

## PARKER v. STATE. (6 Div. 376.)

Supreme Court of Alabama. May 16, 1929.

Lange, Simpson & Brantley, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

GARDNER, J. The appeal is from a decree condemning for sale one De Soto touring car, the property of E. C. Parker, for its use in transportation of prohibited liquors. At the time the car was being chased by the officers it was being driven by one W. R. Henderson, otherwise known and called "Buckshot" Henderson, whom the evidence tends to show bore the reputation of a "notorious bootlegger." While, at the end of the race, the officers found the car·abandoned and no liquor therein, yet 10 gallons were discovered within 25 or 30 feet of the car, where it had been stopped in the back yard of a house, and the circumstances detailed in the evidence, not necessary here to relate, but which have been carefully read and considered by the court in consultation, fully justify the conclusion that the liquor had been brought there by the car, and there unloaded when abandoned by the occupants.

But Parker, the owner of the car, insists that, if the car was used for such purpose, it was without his knowledge or consent, and he has been guilty of no negligence in that regard. Parker knew Henderson in Florida, while they both were residing there, and knew him after coming to Birmingham, where they now reside. They were together "on several occasions," to use Parker's language. That Parker loaned the car to ·Henderson on this occasion is admitted, but he insists it was for the supposed purpose of driving the latter's sister to the hospital, and Henderson insists that is what he did, and, while admitting the chase, states he did not know they were officers attempting to bring him to a stop.

■■ The reputation of Henderson in the community as a "notorious bootlegger" was sufficient to put claimant, Parker, on notice, and the exercise of due diligence. Edwards v. State, 213 Ala. 122, 104 So. 255; Auburn Sales Co. v. State (Ala. Sup.) 122 So. 463;[1] Wright Motor Co. v. State, 214 Ala. 120, 106 So. 868. Indeed, from a consideration of the association of Parker with Henderson, the trial court may have reasonably drawn the inference that Parker actually knew of Henderson's general reputation (notwithstanding his testimony to the contrary), and in such event would not be held blameless in a loan of the car to him solely upon his mere promise of a use for a legal purpose. Such is the

[1] Ante, p. 360.

effect of the holding in May v. State, 211 Ala. 449, 100 So. 780, and Hayes v. State, ante, p. 52, 121 So. 52.

In any event, Henderson's bad reputation being established, claimant's failure of further inquiry or investigation constitutes a lack of due diligence, under the authority of State v. Gadsden Loan & Trust Co., 214 Ala. 68, 106 So. 337. See, also, Hall v. State, 213 Ala. 325, 104 So. 826; May v. State, 215 Ala. 16, 108 So. 863; Koger v. State, 215 Ala. 319, 110 So. 573.

Upon the hearing of this cause, the chancellor saw and heard the witnesses, and we are not persuaded his conclusion on the evidence should be here disturbed.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

