(130 So. 771)

HARTZOG–GANEY MOTOR CO. v. STATE ex rel. REID, Sol.

4 Div. 514.

Supreme Court of Alabama.

Nov. 13, 1930.

Marcus J. Fletcher, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., for appellee.

GARDNER, J.

On July 22, 1929, one James S. Foster purchased a Chevrolet touring car from Hartzog-Ganey Motor Company, a partnership, of Andalusia, Ala., and executed retention title notes for the balance due thereon. These notes were unpaid when on August 20, 1929, the car was seized by the sheriff of Covington county while it was being used in the transportation of prohibited liquors and driven by said Foster.

That the car was subject to condemnation, so far as the interest therein of Foster is concerned, is clearly established and not here controverted.

█ The question of prime importance, however, relates to the finding of the court that the interest of the claimant, Hartzog-Ganey Motor Company, was likewise subject to confiscation. Under the rule now well recognized in this state, if claimants had no knowledge or notice that the car was to be used for any unlawful purpose, or no knowledge or notice of any fact calculated to excite suspicion, so as to put a reasonably prudent person on inquiry as to such intended use, then inquiry on their part was not demanded. "This rule was adopted as reasonable and just and as expressive of the legislative intent that innocent parties free from fault should not suffer loss through the wrong of another." Edwards v. State, 213 Ala. 122, 104 So. 255, 256; General Motors Acceptance Corp. v. State, 217 Ala. 571, 117 So. 181; Auburn Sales Co. v. State, 219 Ala. 360, 122 So. 463; Wright Motor Co. v. State, 214 Ala. 120, 106 So. 868, 869.

█ It is not pretended that claimants had any actual knowledge or notice of any facts calculated to excite suspicion of any intended unlawful use of the car, but that the sale was perfectly regular and in good faith on their part appears by the uncontroverted proof. Foster, the purchaser, lived near Munson, Fla., some forty-two miles from Andalusia. Hartzog, of claimant's firm, lived near the same place in 1924, and knew Foster at that time. Had heard nothing against his character or reputation. During the year 1924 Hartzog moved to Andalusia, and had neither seen nor heard of Foster since, and he had passed from his memory until he came into his place of business to purchase a car in company with one Finley, a resident of Covington county, and a lifelong acquaintance of Hartzog. Inquiry was made of Finley, who stated that he considered him good pay, and, in further response to Hartzog, that he had never heard of Foster handling liquor. Like inquiry was made of one Wallace who lived in Florida near Foster's home, and Wallace gave reply in accord with that of Finley. Witnesses Bryan, Cotton, and Wallace testified that they lived in Florida near Foster's place of residence, and they never heard of his having any connection with the liquor business, and there was no competent evidence in contradiction thereof. Foster had never resided nor worked in Covington county, and it does not appear that he had ever been previously arrested as a violator of the prohibition law.

In Edwards v. State, supra, it was held that notice necessary to excite suspicion and stimulate inquiry may be notice imputed by law such as the general character of the purchaser as a violator of the prohibition law. See, also, Parker v. State, 219 Ala. 362, 122 So. 464; Auburn Sales Co. v. State, supra; Wright Motor Co. v. State, supra. In this latter authority (followed in General Motors Acceptance Corp. v. State, supra), it was held that, in order for the purchaser's "bad reputation to be accorded an effect by way of notice to the vendor, so as to convict him of culpable negligence, the bad reputation must be a general reputation; it must exist at the vendee's place of residence, or at his place of business or occupation, and it must have existed at the time the car was sold to the vendee."

██ The state made effort to impute notice to claimants by proof of Foster's bad reputation in Covington county, and thus to overcome claimants' well-established case as innocent vendors. But we think the state's proof insufficient to this end. It consisted of the testimony of the sheriff and his deputies to the effect that they had heard Foster was "hauling liquor" into the country, reports of such character being brought to the sheriff's office, from which they testify as to his reputation for transporting liquor. They did not know Foster, nor did they testify they knew his general character in that community, for in fact he had never resided or worked there, but only transiently in the county. A reading of their evidence is persuasive that they spoke only in fact from rumors, but, as said in Haley v. State, 63 Ala. 83, "rumor is not always reputation," a statement recognized as correct by the authorities generally. 22 Corpus Juris 481. But, however that may be, and giving most liberal construction to such evidence, the vendee, as previously noted, had never resided or worked in Covington county, and, under the authority of Wright Motor Co. v. State, supra, such proof was insufficient to impute notice as a matter of law to these claimants.

The vendors are not shown to have had any notice whatever as to any such reports or rumors. They learned of the residence of the vendee as still in Florida, and inquiries there revealed nothing against him. Never having seen or heard of his being in Covington county, there was nothing to suggest an inquiry of its sheriff, nor would the rule of reason require this to be done under such circumstances.

52

A careful examination of the evidence by the court in consultation is convincing that the claimants have not been shown guilty of negligence as defined and understood by the rules of law governing such cases.

It results, therefore, that the decree rendered must be reversed, and the cause remanded for appropriate decree protecting the superior right of these claimants, and directing a sale merely of the purchaser's interest in the car, which alone is subject to condemnation.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.