(131 So. 442)
STATE ex rel. BIGGS, Sol., v. FRAZIER et al.

I Div. 603.

Supreme Court of Alabama.

Dec. 18, 1930.

Charlie C. McCall, Atty. Gen., and L. S. Biggs, Sol., of Monroeville, for the State.

C. L. Hybart, of Monroeville, for appellees.

**GARDNER, J.**

The conclusion of the chancellor that the car was subject to condemnation, so far as the interest therein of the owner, Frazier, is concerned, is well supported by the proof, and needs no further consideration.

The question of prime importance, however, relates to the finding of the court that the interest of the claimant should not be condemned and confiscated. We had occasion in the recent case of Hartzog-Ganey Motor Co. v. State, 130 So. 771,[1] to restate the rule governing in cases of this character as announced

[1] Ante, p. 50.

in Edwards v. State, 213 Ala. 122, 104 So. 255, and reiterated in subsequent decisions, and it needs no repetition here.

It is not pretended that claimant or its dealer Winkler of Greenville had any actual knowledge or notice of any fact calculated to excite suspicion of any intended unlawful use of the car, but that the sale was perfectly regular and in good faith appears by the uncontroverted proof. On the contrary, Winkler's acquaintance with the purchaser and reassurance of his good character by the latter's neighbor at the time of the sale tended to allay rather than excite suspicion.

But the rule of Edwards v. State, supra, recognized that the general character of the purchaser as a violator of the Prohibition Law may suffice as notice imputed by law to excite suspicion and stimulate inquiry, and the insistence of the state for a reversal of the decree rendered is rested largely upon the testimony of the two officers who reside in Crenshaw county, the residence of the purchaser, tending to show a bad reputation as a violator of the Prohibition Law. We are inclined to be in accord with the views of the chancellor, as expressed in the opinion accompanying the decree, that these officials were testifying to a rather limited reputation, a situation akin to that presented in the Hartzog-Ganey Motor Co. Case, supra. But, however that may be, a large number of witnesses, residents of Crenshaw county, testified to the purchaser's good character in that community. They appear to be without interest. The trial was had upon evidence partly oral and partly by depositions, and, weighing the evidence, the conclusion was reached in the court below that the purchaser's general character in Crenshaw county was good. It is the well-recognized rule that, under circumstances here presented, the finding of fact by the court is accorded the weight of the verdict of a jury and will not be here disturbed, unless plainly and palpably wrong. Curb v. Grantham, 212 Ala. 395, 102 So. 619; Wiegand v. Alabama Power Co., 220 Ala. 620, 127 So. 206.

A study of the record is persuasive that the conclusion of the chancellor is supported by the great preponderance of the evidence, and therefore is fully justified by the proof. The purchaser's general good character or reputation in the community where he lived and worked must therefore be accepted as an established fact.

In Wright Motor Co. v. State, 214 Ala. 120, 106 So. 868, it was held that the question of general reputation referred to in Edwards v. State, supra, relates to the place of residence of the purchaser or the place of his business or occupation—a rule recognized in the recent case of Hartzog-Ganey Motor Co. v. State, supra. Such general good reputation being

therefore established, further inquiry of the seller was not demanded.

 It appears that in May, 1921, the purchaser entered a plea of guilty as to the violation of the National Prohibition Law in the federal District Court at Montgomery. Neither claimant nor its dealer Winkler had ever learned of such judgment or heard of it in any manner, and the numerous witnesses who testified to the purchaser's general good reputation in Crenshaw county were entirely ignorant thereof. The purchaser's good reputation in Crenshaw county, however, relieved the seller in the instant case of further inquiry, and culpable negligence is not shown by a failure to ascertain that such a judgment had been entered some eight years previously in the federal court at Montgomery. As to the county of his residence, it appears the purchaser had never been arrested as a violator of the Prohibition Law. But we forego further discussion.

The evidence has been carefully considered by the court in consultation, and the conclusion reached that the finding of the chancellor that the claimant has not been guilty of negligence as defined and understood by the rules of law governing such cases is amply supported by the proof, and will not be here disturbed.

The decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

