37 So.2d 644

**COMMERCIAL NAT. BANK OF ANNISTON v. STATE ex rel. DORMON.**

7 Div. 978.

Supreme Court of Alabama.
Dec. 2, 1948.

410

Merrill, Merrill & Vardaman, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for appellee.

STAKELY, Justice.

This is an appeal from a decree ordering the condemnation and sale of an automobile for transporting prohibited liquor from one point in the state to another point in the state and denying the claim of the Commercial National Bank. The Commercial National Bank intervened by petition and alleged the existence of a mortgage held by it upon the car. The respondent A. A. McElroy was the owner of the car. The facts are admitted which authorized the condemnation of the car, the car being seized while it was being used by A. A. McElroy to transport prohibited liquors in Calhoun County. The only question presented here is whether the Commercial National Bank is entitled to the allowance of its claim upon the car.

In such a situation the burden is upon the intervener (1) to establish its superior claim and (2) that it had no knowledge or notice of the illegal use of the car and could not by reasonable diligence have obtained notice of the intended illegal use so as to prevent such use. Anderson v. State, 246 Ala. 468, 20 So.2d 864.

The car was sold by the Alabama Motor Company on November 13, 1947, to A. A. McElroy. The sale was financed at that time by a mortgage loan on the car made by the Commercial National Bank to the purchaser. These concerns were located in Calhoun County and neither had any actual notice or knowledge that A. A. McElroy had violated the prohibition laws or intended to use the car for illegal purposes. They both had known A. A. McElroy through their officers for a number of years. These officers testified to lack of any actual knowledge or notice of his violation of the prohibition law. According to them both companies had had previous dealings with A. A. McElroy and had found him responsible and trustworthy. It was shown that A. A. McElroy lived in Cleburne County where he was engaged in operating a feed mill.

In Briscoe Motor Car Co. v. State, 204 Ala. 231, 85 So. 475, this court, in speaking of the statute which provides for condemnation, said, "the act does not contemplate the condemnation of property of those who do not aid or assist in the unlawful transporting of liquors, or who are not chargeable with notice or knowledge that their property is to be used for such unlawful purpose" and in Bowling v. State, 204 Ala. 405, 85 So. 500, 501, this court further said, "The petitioner not only proved the existence of a valid subsisting mortgage, but met the statutory requirement of negativing notice or knowledge on his part of the unlawful use of the automobile."

We think it clear that under the evidence so far outlined, the intervener was entitled to its claim. With the evidence before the court as so far outlined, the state undertook to show that the claimant was culpably negligent in failing to make inquiry as to the purchaser's reputation and in order to show such culpable negligence on the part of the claimant, the state attempted to show that the purchaser had a bad reputation in the community as a bootlegger at the time the car was purchased. Hartzog-Ganey Motor Co. v. State, 222 Ala. 50, 130 So. 771; State ex rel. Biggs, Sol. v. Frazier et al., 222 Ala. 180, 131 So. 442; Wright Motor Co. v. State, 214 Ala. 120, 106 So. 868; Commercial Credit Co. v. State, 213 Ala. 169, 104 So. 401.

Two officers of Calhoun County testified that A. A. McElroy had such bad reputation. When their testimony is analyzed, however, it is obvious that they failed to testify as to his general reputation but only to a reputation limited to police officers and their confidential sources of information. It is sufficient to say that for this reason the testimony is not sufficient. State ex rel. Biggs v. Frazier, supra; Hartzog-Ganey Motor Co. v. State, supra. It may be added that the proof showed that A. A. McElroy had a good reputation in Cleburne County where he lived and worked. See Hartzog-Ganey Motor Co. v. State, supra; Wright Motor Co. v. State, 214 Ala. 120, 106 So. 868. Accordingly we are not satisfied that the evidence showed notice of the purchaser's bad reputation, if any, which should be imputed to the claimant and, therefore, claimant's culpable negligence is not shown. It results that the claimant was entitled to the establishment of its claim and it is so ordered.

Reversed and rendered.

BROWN, FOSTER and LAWSON, JJ., concur.