45 So.2d 286

**STATE ex rel. RANDALL Solicitor, v. MARTIN et al.**

7 Div. 26.

Supreme Court of Alabama.

March 30, 1950.

488

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for appellant.

Roberts & Cunningham and E. G. Pilcher, of Gadsden, for appellees.

STAKELY, Justice.

This is an appeal from a decree allowing the respective claims of certain interveners out of the proceeds of the sale of an automobile condemned for its use in the unlawful and illegal conveyance of prohibited liquor in Etowah County, Alabama. At the time of its seizure the automobile was being driven by Homer Martin. He was arrested for transporting in the car at the time 49 pints of whiskey. Maude Martin, his wife, intervened claiming ownership of the car. The decree of the court was adverse to both Homer Martin and Maude Martin. The propriety of the decree as to them is not presented on this appeal, but it is without dispute that as to them the car was subject to condemnation.

The First National Bank of Attalla intervened and filed its claim by reason of a loan made on the car to Maude Martin at the time of its purchase by her. The instrument evidencing the loan was introduced in evidence and the officer of the bank making the loan testified that at the time the loan was made, he had no knowledge that would put him on notice that the automobile would be used in illegal liquor traffic. On cross examination he testified that he made no inquiry of the police department as to the reputation of Maude Martin as to being a bootlegger. He further testified on cross examination that he had heard some one say something about Homer Martin or Maude Martin and whiskey, that it was just general talk about Homer Martin and Maude Martin and whiskey.

The state introduced substantial evidence to the effect that both Homer Martin and Maude Martin had the general reputation in the community of being bootleggers at the time the loan was made and had been convicted on several occasions for violation of the prohibition law. The foregoing evidence was not disputed. Homer Martin did not testify, a decree pro confesso being taken against him, but Maude Martin admitted on her examination that she had been a bootlegger for about six years and that this was a matter of common knowledge.

The burden was on the intervener (1) to establish its superior claim and (2) that it had no knowledge or notice of the illegal use of the car and could not by reasonable diligence have obtained notice of the intended illegal use so as to prevent such use. Commercial National Bank of Anniston v. State ex rel. Dormon, 251 Ala. 409, 37 So.2d 644; Parker v. State ex rel. Embry, 246 Ala. 372, 20 So.2d 719. The general reputation of Homer Martin and Maude Martin in the community for being bootleggers was imputable to the intervener and was sufficient to put it on notice to make proper inquiries concerning the illegal use of the car. Then too the officer of the bank admitted that he had heard talk about the Martins being connected with whiskey. The evidence was sufficient to put the bank on notice and call for an inquiry. Parker v. State, 219 Ala. 362, 122 So. 464; General Motors Acceptance Corp. v. State, 217 Ala. 571, 117 So. 181.

The evidence appears to be without dispute and we conclude that the intervener was not entitled to its claim and its claim should have been disallowed.

E. R. Davidson intervened and based his claim on the price of tires for the car which he had sold to Maude Martin. He testified that he had heard that Homer and

Maude Martin had dealt in whiskey, but that it was only a rumor. He made no inquiry at the police department or the sheriff's office as to Homer or Maude Martin at the time of the sale of the tires.

Vernon Holliday and Arlie Holliday were partners operating a repair shop known as Holliday's Body Shop. They intervened and claimed a lien on the car for repairs made to the car. No inquiry was made by them at the police department or at the sheriff's office as to the Martins being bootleggers.

Pretermitting any inquiry as to the validity of the alleged liens of E. R. Davidson and Holliday's Body Shop, the undisputed proof shows that neither of these claimants made any inquiry about Homer Martin or Maude Martin as to being bootleggers although at that time they had a general reputation in the community of being bootleggers. Under the authorities cited above their claims should have been disallowed.

It results that the decree of the lower court so far as it allowed out of the proceeds of the sale the claim of the First National Bank of Attalla, the claim of E. R. Davidson and the claim of Holliday's Body Shop is hereby reversed and a decree is here rendered denying each of said claims.

Reversed and rendered.

BROWN, LIVINGSTON and SIMPSON, JJ., concur.