123 So.2d 416

### ALABAMA DISCOUNT CORP.

v.

### STATE of Alabama ex rel. Lewey STEPHENS, Jr., Solicitor.

#### 4 Div. 937.

Supreme Court of Alabama.
Sept. 15, 1960.

E. C. Orme, Troy, for appellant.

John Patterson, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for appellee.

STAKELY, Justice.

This is a proceeding in equity to condemn as contraband an Oldsmobile Sedan used in Pike County by Leon Smyth and Robert Griffin in transporting prohibited alcoholic beverages on which the Alabama tax had not been paid and on which state revenue stamps had not been placed pursuant to § 247 et seq., Title 29, 1955 Cumulative Pocket Part, Code of 1940.

This case was originally assigned to another Justice of this Court but on August 1, 1960, was reassigned to the writer.

The circuit judge duly ordered publication describing the automobile and giving notice to all persons claiming an interest in the automobile to appear and assert their respective claims, if any.

In response to the notice American Discount Corporation (appellant), with its principal place of business in Montgomery, Alabama, appeared and filed a petition to intervene. The court granted the petition to intervene and the intervenor filed its petition, alleging, in substance, that at the time of the seizure of the automobile, the intervenor owned a conditional sales contract by which petitioner retained title to the automobile until the full indebtedness was paid and that on April 1, 1957, there was due and unpaid on the contract the sum of approximately $1,600. The intervenor further alleged that the alleged transportation of prohibited liquors was without the petitioner's knowledge, consent, concurrence or authority and that the petitioner

had no knowledge or notice that the automobile had been or was going to be used for the transportation of any prohibited liquors or beverages within the state prior to the 16th day of March, 1957.

The claim of intervention was set down for hearing. The case was heard orally before the court with the result that the court denied the claim of the intervenor. Hence this appeal.

It is conceded by appellant that a prima facie case for the condemnation of the automobile had been made by the appellee by reason of proof that the automobile was seized by the officers on December 24, 1955, while Leon Smyth and Robert Griffin were transporting prohibited liquors. It is conceded by the appellee that a conditional sales contract of the car was duly purchased by the appellant and that a substantial amount of money was due thereon.

▪ Hence the real issue in the case appears to be purely a factual one as to whether the evidence on behalf of appellant showed it used reasonable diligence to ascertain the character and reputation of the vendee before accepting the assignment of the conditional sales contract. It has been held that where a bona fide mortgagee or vendor in a conditional sales contract, by intervention, seeks to establish his superior right, title and ownership in property seized in an act that is prohibited and condemned by the statute, he must not only aver in his pleading or claim but must establish by evidence that he did not have notice of the unlawful use of his property to which it was subjected when seized and by the exercise of reasonable diligence could not have obtained knowledge or notice of such illegal use and prevented the same. Commercial Nat. Bank of Anniston v. State ex rel. Dormon, 251 Ala. 409, 37 So.2d 644; State ex rel. Randall v. Martin, 253 Ala. 487, 45 So.2d 286; Brandon v. State, 261 Ala. 378, 74 So.2d 606.

▪ This court has further held that in a proceeding to condemn an automobile because of its use by the conditional vendee in the illegal transportation of intoxicating liquors, evidence of such conditional vendee's bad general reputation prior to the time of the sale as being a bootlegger or whiskey dealer either in the place of his residence or business, is admissible as tending to give notice to the conditional vendor of the probable future use of the automobile for the illegal transportation of intoxicating liquors. Riley-Akins Chevrolet Co. v. State, 224 Ala. 42, 138 So. 412; Hartzog-Ganey Motor Co. v. State, 222 Ala. 50, 130 So. 771; Parker v. State ex rel. Embry, 246 Ala. 372, 20 So.2d 719.

We see no good purpose in a detailed discussion of the evidence. Section 66, Title 13, Code of 1940; Parker v. State ex rel. Embry, supra.

While there is some testimony tending to show the good reputation of Smyth in Pike County, the testimony of O. L. Oliver shows that he became a deputy sheriff on October 17, 1956, and previously had been in private business and had occasion to hear the people of Troy generally express their opinion on Smyth. He testified that Smyth's general reputation in Troy prior to December 24, 1955, was that he was one of the biggest bootleggers in Pike County. He also testified that while he had no personal knowledge regarding Smyth's conviction for transporting whiskey in December, 1954, he had heard a great deal of talk about it.

The evidence of the appellant to show its investigation prior to the purchase of the automobile sales contract may be summarized as follows. On December 24, 1955, it wrote a letter to H. L. Snead, Investigator in Charge of the Alcoholic Tax Unit, Birmingham, Alabama, inquiring as to whether Smyth had any record or was suspected of dealing with alcohol. The inquiry was returned to appellant with the notation, "no record or reputation with his office as a liquor law violator as of December 30th, 1955." Upon inquiry it was informed by the Credit Bureau of Montgomery that a 1946 inquiry revealed that Smyth

was well regarded in the community and paid his bills satisfactorily. General American Creditors of Montgomery informed appellant that a January 1955 investigation disclosed that Smyth paid his bills satisfactorily.

The American Discount Corporation wrote a letter of inquiry on December 24, 1955, to Sheriff Furlow similar to the letter it wrote to Mr. H. L. Snead, to which we have referred, asking, "If you have any records on the following individual or if he is suspected of dealing with alcohol. Name Leon P. Smyth. * * *." The testimony of the intervenor showed that it received no reply to this letter. However, Sheriff Furlow testified that when he got the letter he went to the office of the clerk of the county court and got the book of disposed cases in which he found Case No. 7255, dated 12–22–54, State of Alabama v. Leon P. Smyth. Charge, violation of prohibition law. Date of conviction 12–22–54. This record showed a plea of guilty and a fine imposed of $50 by Judge Alex Brantley, Judge of the County Court. He also found the record of a conviction in Case No. 7249, showing conviction of Leon P. Smyth for gaming for which he was fined $10 and costs, the record being signed by Alex Brantley, Judge of the County Court. He made the entry of the foregoing on the bottom of the letter which was sent to him. He testified substantially that I signed the letter and put it in the envelope. As I recall it was a self-addressed, stamped envelope. I put the letter on the desk where we usually put letters. "Whether it ever got to the Post Office, I don't know, but it was put there where we leave our letters to be mailed every day. That is the first letter that I have known of that didn't get to where it was supposed to have gone." The proof showed that no further inquiry was made of Sheriff Furlow.

Upon a consideration of all the evidence with the thought that the decree of the trial court has the effect of a verdict of the jury and will not be disturbed unless palpably wrong, we conclude that the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.