316 So.2d 685

**U–HAUL COMPANY OF ALABAMA**

**v.**

**STATE of Alabama.**

**SC 1070.**

Supreme Court of Alabama.

July 10, 1975.

Rehearing Denied Aug. 21, 1975.

No appearance for appellee.

Carl E. Chamblee, Birmingham, for appellant.

EMBRY, Justice.

This is an action under Code of Ala., Tit. 29, § 248, to condemn a Ford automobile of defendant Boyles and a trailer of appellant U–Haul Company of Alabama. This appeal by U–Haul is from the order of the trial court condemning and forfeiting its trailer to the State because of use of same to illegally convey prohibited liquors, or beverages in violation of Tit. 29, § 247, of the Code.

A hearing of the claim of U–Haul seeking recovery of its trailer was held. The sole issue upon which evidence was taken was whether U–Haul could rebut the prima facie case of the State by showing that its agent had no notice or knowledge nor by reasonable diligence could have learned of the intended illegal use of the trailer. Without entering any specific findings the court entered an order condemning and forfeiting the trailer to the State. We affirm.

The question presented for review determinative of this appeal is summarized by appellant U–Haul in brief:

"The threshold issue presented by this appeal is whether the property of an owner is subject to condemnation under the liquor laws where the owner neither knew of nor consented for the use of the property by the person actually in pos-

session of such property when it was seized for illegal transportation of liquor. * * * "

All the assignments of error ultimately go to this question which, stated differently, might well read: Is the innocence of the owner of property subject to forfeiture a defense to its condemnation?

The facts in the case are undisputed. They show that on August 8, 1974, Fennell Don Flemings leased the U–Haul trailer which is the subject of this litigation from an agent of U–Haul Company of Alabama, the Morris 76 Service Station, Morris, Jefferson County, Alabama. Flemings' driver's license showed that he was from Lawrence County, Alabama. The record affirmatively shows the manager of the station made no inquiry into the intended use of the trailer, although Flemings volunteered that he was going to use it to move some furniture in Cullman. The only inquiry made was whether the trailer would be used with the car Flemings was driving. Later in the same day the owner of the car, Sam Boyles, used it and the trailer to transport 190 cases of beer in Lawrence County (where possession and sale of alcoholic beverages is illegal). City of Moulton police seized the car and trailer and the proceedings under review here were commenced.

█ It is the law of Alabama that once the State makes out a prima facie case to show violation of the statute which prohibits the transportation of illegal liquors, the seizure, condemnation, and forfeiture of the vehicle used is permitted. An owner-claimant to a vehicle must prove he or it had no knowledge of the illegal use of the vehicle and by the exercise of reasonable diligence could not have obtained knowledge of such intended use. *Alabama Discount Corp. v. State ex rel. Stephens,* 271 Ala. 338, 123 So.2d 416.

█ And this is the rule to which we have consistently adhered. *Alabama Discount Corp., supra,* and cases cited therein. The crux of these cases is that where a lessee is unknown to his lessor then the lessor should make reasonable inquiry as to lessee's reputation and character before completing the transaction.

█ In the case now before us the record affirmatively discloses that *no inquiry whatsoever* was made by lessor U–Haul about lessee Flemings. This fact coupled with the uncontradicted testimony of two witnesses from Lawrence County that the general reputation of Flemings in Lawrence County was "bad" for transporting liquors leads us to conclude, as did the trial judge, that an order of condemnation and forfeiture was proper. We will not disturb that order on appeal.[1] *Snyder v. State,* 247 Ala. 278, 24 So.2d 266; *Riley-Akins Chevrolet Co. v. State,* 224 Ala. 42, 138 So. 412; *May v. State,* 215 Ala. 16, 108 So. 863.

An excellent statement of the burden of proof which claimant must satisfy is found in *Flint Motor Co. v. State,* 204 Ala. 437, 85 So. 741:

"* * * if the claimant knows the character of his [lessee] * * * and does not know or has not heard of his violating the prohibition law, or *if he does not know him,* ordinary prudence should suggest inquiry, and if he does not gain information that he has been considered a violator of the prohibition law, then he makes out a prima facie case of no negligence * * * and would be entitled to a decree of nonforfeiture. * * * We are, of course, aware of the fact that we are dealing with a most stringent statute, and which was intended as a safeguard against the invasion of a rigid enforcement of the prohibition law, and are most reluctant to construe the same so as to present easy or unreasonable avenues of escape;

---

1. In this regard we do not shirk our duty. *Shropshire v. State,* 254 Ala. 470, 48 So.2d 776. Our judgment is the same as the trial judge, therefore complete discussion of the evidence is deemed unnecessary.

but it could not have been the purpose of the Legislature * * * to confiscate the property of innocent people, or to make vendors and mortgagees of vehicles or other property insurers or guarantors of the conduct of their mortgagors or vendees, notwithstanding they may have exercised ordinary diligence and prudence in making the sale or taking the mortgage. * * * " (emphasis added)

■ Appellant contends that our forfeiture laws are violative of U.S.Const., Amend. XIV, since the trailer was used for a prohibited purpose by one not the lessee without the knowledge and consent of the lessor.

"* * * To the extent that such forfeiture provisions are applied to lessors, bailors, or secured creditors who are innocent of any wrongdoing, confiscation may have the desirable effect of inducing them to exercise greater care in transferring possession of their property. * * * " *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S. Ct. 2080, 40 L.Ed.2d 452, reh. denied 417 U.S. 977, 94 S.Ct. 3187, 41 L.Ed.2d 1148.

As we have already noted the lessor in this case took no action that reasonably could have been expected to prevent the proscribed use of the property. Upon consideration of that fact and all the surrounding facts *in this case* we find no constitutional objection to the forfeiture.

A further contention of appellant is that it was denied the right to a jury trial on its claim to the trailer and violence thereby occurred to due process as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States. Appellant likewise contends that its Seventh Amendment right to jury trial was violated.

■ Constitution of Alabama of 1901, Article 1, § 11, provides:

"That the right of trial by jury shall remain inviolate."

Section 11 does not afford a right to trial by jury in cases where that right did not exist at the time of its adoption in 1901. *Gilbreath v. Wallace,* 292 Ala. 267, 292 So.2d 651. The Prohibition Act of 1919 providing for forfeiture and condemnation of vehicles used in transporting prohibited liquors is carried forward and embodied in § 247, Tit. 29; a statutory remedy is provided "* * * by petition in equity * * ' * " a remedy not extant in 1901. No right to trial by jury in proceedings under this remedy is afforded by § 11 of Const. of Ala., 1901, *In re One Chevrolet Automobile, Senior v. State,* 205 Ala. 337, 87 So. 592.

ARCP 38(a) simply places in the Rules and preserves the historic right to jury trial where that right existed at the time of adoption of our 1901 Constitution. Note the presence of the word *remain* in § 11. ARCP 81(a)(12) makes the Rules of Civil Procedure applicable to proceedings for forfeiture of contraband property to the extent such practice is not provided by statute.

■ What of the right-to-jury-trial contention under the Federal Bill of Rights?

"* * * the Seventh Amendment * * * applies only to the courts of the United States. * * * The 'due process' clause of the Fifth Amendment does not require jury trial in the federal courts; and correlatively the 'due process' clause of the Fourteenth Amendment does not require it in the state courts. * * * " 5 Moore's Federal Practice, ¶ 38.08[5], pp. 77, 78; *Minneapolis & St. Louis Railroad Co. v. Bombolis,* 241 U.S. 211, 36 S.Ct. 595, 60 L.Ed. 961; *Iowa Central Railway Co. v. Iowa,* 160 U.S. 389, 16 S.Ct. 344, 40 L.Ed. 467; *Hardware Dealers' Mutual Fire Ins. Co. of Wisconsin v. Glidden Co.,* 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214.

■ When the opportunity was afforded U–Haul to rebut the State's case and by

the evidence presented it failed to do so the burden which it bore was not sustained.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.