BRADLEY, Judge.
Chrysler Credit Corporation (hereinafter referred to as “Chrysler”) appeals from a final judgment by which a 1978 Dodge Tradesman van was condemned to the State of Alabama, and from an order of April 17, 1979 overruling the motion for new trial. We reverse.
On July 20, 1978 Denver S. Loggins purchased a 1978 Dodge B200 Tradesman van, vehicle identification number B21BE8X10882 from Crimson Dodge in Tuscaloosa, Alabama. The car dealer called Mr. Loggins’ credit history in to Mr. Rick D. Morris, Chrysler’s customer services supervisor in Birmingham, who testified that he followed corporate procedure in checking into Mr. Loggins’ credit. Chrysler states that it conducted an independent investigation and also checked with the credit bureau in Mr. Loggins’ residence area. The information they received consisted of Denver Loggins’ age, residence, parents’ name, his job occupation, as well as a record of his other purchases on credit. The investigation revealed that Mr. Loggins was a suitable credit risk and gave no reason to cause *626 suspicion that the car would be used illegally or that Mr. Loggins possessed a record or reputation for law violations.
Chrysler purchased the contract from the car dealership and Chrysler was listed as first lienholder on the certificate of title, retaining a security interest in the van until the completion of its purchase price.
Around the first of January 1979, Michael Robison, Mr. Loggins’ brother-in-law, was arrested for transporting two hundred cases of beer illegally in Fayette County. Denver Loggins was not in the van with his brother-in-law at the time of the arrest, nor has he been charged in connection with the illegal liquor transportation.
The dispositive issue for our consideration is whether Chrysler had knowledge or notice of the illegal use of the vehicle, or could have obtained such by the exercise of reasonable diligence.
The rule is that once the State makes out a prima facie case showing a violation of the statute which prohibits the transportation of illegal liquors, the seizure, condemnation, and forfeiture of the vehicle is permitted. An owner-claimant to a vehicle must prove he, she or it had no knowledge of the illegal use of the vehicle and by the exercise of reasonable diligence could not have obtained knowledge of such intended use. U-Haul Co. of Alabama v. State, 294 Ala. 330, 316 So.2d 685 (1975).
Evidence of a purchaser’s bad general reputation for dealing in prohibited liquors tends to give notice of the probable future use of the vehicle for the illegal transportation of intoxicating liquors. Alabama Discount Corp. v. State, 271 Ala. 338, 123 So.2d 416 (1960). However, for the purchaser’s bad reputation to be notice or knowledge imputed to claimant so as to constitute culpable negligence in allowing purchaser to obtain the vehicle, the bad reputation must be a general reputation. Furthermore, the reputation must exist at the purchaser’s place of residence, or at his place of business or occupation, and must have existed at the time the vehicle was sold. Mars v. State, Ala.Civ.App., 340 So.2d 1131 (1976).
In the present case Chrysler obtained information from- a credit bureau and conducted a limited credit check, the results of which gave no reason to suspect that the vehicle would be used for an illegal purpose. There was no evidence whatsoever as to the general bad reputation of Log-gins at his place of business or his residence for dealing in illegal whiskey; consequently, Chrysler had no reason to make inquiry about possible charges against Loggins for violating the prohibition laws.
There was testimony by the sheriff of the county where the arrest of the driver of the van was made that he had talked to law enforcement officers in Marion County, Alabama — Loggins’ home county — and they had told him that Loggins had a reputation amongst them for dealing in illicit whiskey. These opinions were apparently based on arrest records for various whiskey violations. Such testimony, however, does not amount to the required general bad reputation in the community and will not put claimant on notice to inquire further about the possible illegal use of the vehicle it was financing. Commercial National Bank of Anniston v. State, 251 Ala. 409, 37 So.2d 644 (1948). Accordingly, we conclude that the evidence fails to show that Chrysler was culpably negligent in financing the vehicle for Loggins. Chrysler was entitled to the establishment of its claim and it is so ordered.
REVERSED AND RENDERED.
WRIGHT, P. J., and HOLMES, J., concur.