WRIGHT, Presiding Judge.
This is an appeal from a vehicle condemnation judgment.
On September 8, 1981, Wayne Thompson rented a 1977 Chevrolet tractor-truck from the leasing department of Art Belew Chevrolet, Inc. (appellant), in Decatur, Alabama. On September 12, 1981, an informant told State Trooper English that he had seen rectangular cartons being loaded in a metal trailer hitched to a tractor-truck in Bullock community of Crenshaw County. English went to the scene and observed the loading. That night English stopped the truck on the highway and found it loaded with several hundred cases of Budweiser beer. Winfred Dowdy was driving, and the lease agreement found in the truck showed it had been leased to Wayne Thompson by appellant.
Trooper English took a detailed description of the truck and trailer including serial numbers and tag numbers and released it. Crenshaw is a “wet” county. He gave this information to the local Alcoholic Beverage Control (ABC) agents. He asked his informants to alert him should they see the truck in Crenshaw County again.
Thompson returned the truck to appellant on September 14,1981, and paid his bill in cash. On September 16,1981, Thompson again rented the truck. Late that afternoon Trooper English received word from three informants that the truck was back in Crenshaw County. One informant told English the same truck was again being loaded with rectangular cartons in the Bullock area.
Trooper English again checked the area, saw the loading and relayed the information to ABC agent Gibson in Pike County. Gibson came to the Bullock area to maintain surveillance on a farm-to-market road south of Brantley. At about 10:00 P.M. he observed the truck traveling north.
Agent Gibson trailed the truck to Birmingham where ABC agent Culver began trailing it. Other officers ahead were alerted and joined in the surveillance until about 3:00 A.M., when the truck was stopped in Cullman County on 1-65. The truck was driven by Winfred Dowdy. An inventory of the contents of the trailer disclosed it was loaded with hundreds of cases of beer. The truck was seized and on October 28, 1981, proceedings to condemn the truck and trailer were initiated in Cullman County. A petition by appellant to intervene as owner of the truck was filed and allowed.
After trial before the judge, judgment was entered condemning the truck and ordering its public sale. It is from this order that appellant appeals.
The first issue raised is whether the trial court erred in its factual determination that *628 appellant knew or should have known by the exercise of reasonable diligence that its truck was being used, or was likely to be used, for the illegal transportation of prohibited liquors.
When a case is heard orally before the trial court sitting without a jury, the court’s findings of fact are presumed correct unless shown to be clearly contrary to the great weight of evidence. Eleven Automobiles v. State, 384 So.2d 1129 (Ala.Civ.App.1980). Stated differently, we will not overturn a trial court’s factual findings in an ore tenus hearing if there is any evidence to support those findings. The record in this case contains ample evidence to support the court’s findings of knowledge. We sustain them. See Eleven Automobiles v. State, supra.
The second issue is whether it was error to allow into evidence the reputation of Wayne Thompson in the community of his residence for being a bootlegger, whiskey dealer or transporter of prohibited liquor. The basis for objection was that Thompson was not a party in the case.
The dispute here is between the state and the lessor/appellant as to which has the superior right to possession of the vehicle. Our courts have held the lessor will prevail only if he had no knowledge of lessee’s illegal use of the vehicle and by the exercise of reasonable diligence could not have obtained knowledge of such intended use. U-Haul Company of Alabama v. State, 294 Ala. 330, 316 So.2d 685 (1975); Alabama Discount Corp. v. State, 271 Ala. 338, 123 So.2d 416 (1960); C. Gamble, McElroy’s Alabama Evidence § 364.09 (3d ed. 1977). It is of no consequence that the lessee, Thompson, is not a defendant. It is his reputation and the lessor’s knowledge of it that are the critical issues in determining the claimant’s right to the property being condemned. The action for condemnation does not require the inclusion of a party. The action is against the vehicle or the person in possession. § 28-4-286, Code of Alabama (1975). Section 28—4-285 expressly authorizes evidence as to the reputation of the owner or operator as a seller of prohibited liquors.
Finally, appellant claims the Cullman County deputy sheriffs and the Alcoholic Beverage Control Board agent did not have probable cause to stop, detain and make a warrantless search of the truck and trailer on September 18, 1981.
Probable cause to search a vehicle exists when trustworthy facts and circumstances within the officer’s personal knowledge would cause a reasonably prudent man to believe the vehicle contains contraband. United States v. Edwards, 577 F.2d 883 (5th Cir.1978). Certainly, it cannot be reasonably contended that the observations and information thereon furnished by Trooper English did not furnish probable cause for ABC agents to believe that the truck contained illegal beverages when stopped on September 18, 1981. It has been said that “[Pjrobable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers. We weigh not individual layers, but the ‘laminated’ total.” Smith v. United States, 123 U.S.App.D.C. 202, 206, 358 F.2d 833, 837, (1966), cert. denied, 386 U.S. 1008, 87 S.Ct. 1350, 18 L.Ed.2d 448 (1967). The contention of an absence of probable cause is without merit. Though not presented in either trial or appellate court there might have been presented the question of standing of appellant to raise the constitutional privilege against illegal search and seizure. Without deciding that question and finding no error, we affirm the judgment below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.