ALMON, Justice.
This is an action for the condemnation and forfeiture of an automobile brought by the State under the authority of Code 1975, § 20-2-93. Lester Pugh, a prospective purchaser of the car, used it to transport marijuana for sale while he had the car on loan from Metropolitan Toyota of Mobile. Metropolitan intervened to challenge the condemnation, but the trial court ordered the condemnation and forfeiture of the car. Metropolitan argues that its evidence showed that it had no knowledge or notice of Pugh’s intended use of the car for the sale of controlled substances and that notice cannot be imputed to it because it could not have discovered, by the exercise of reasonable diligence, that Pugh would be likely to use the car for that purpose.
Code 1975, § 20-2-93, provides in pertinent part:
“(a) The following are subject to forfeiture:
[[Image here]]
“(5) All conveyances, including aircraft, vehicles or vessels, which are used or intended for use to transport or in any manner to facilitate the transportation for the purpose of sale or receipt of property described in subdivisions (1) [i.e., controlled substances] or (2) of this subsection; provided, however, that:
[[Image here]]
“b. No conveyance is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent; and
“c. A forfeiture of a conveyance encumbered by a bona fide security interest is subject to the interest of the secured party if he neither had knowledge of nor consented to the act or omission.”
(Emphasis added.)
This Court, in applying this section, has considered the similar Code section, § 28-4-285, providing for the forfeiture of vehicles used in the illegal transportation of liquor, and the cases applying that section. *26 It was very early held that, for the owner’s interest in the vehicle to be subject to forfeiture, “it is necessary that he either have actual knowledge or notice that it is to be or will be so used, or that by his fault he is chargeable with knowledge or notice that it is to be, or will probably be used for such purpose.” State v. Hughes, 203 Ala. 90, 91, 82 So. 104, 105 (1919). The Court held that if the vendor does not know his purchaser, “ordinary prudence should suggest inquiry, and if he does not gain information that he has been considered a violator of the prohibition law, then he makes out a prima facie case of no negligence in the sale or disposition of the car.” Flint Motor Car Co. v. State, 204 Ala. 437, 438, 85 So. 741, 742 (1920).
These rules were applied to require the seller to inquire as to the reputation of the buyer in order to protect the seller’s interest in the car under a purchase-money note and security agreement. It was even held that the seller would be held to notice as a matter of law of the buyer’s reputation as a violator of the prohibition law and that the seller’s, or his assignee’s, interest would be subject to forfeiture if he did not make diligent inquiry as to that reputation. D & S Motor Co. v. State, 212 Ala. 371, 102 So. 805 (1925); Equitable Credit Co. v. State ex rel. Perry, 212 Ala. 406, 102 So. 802 (1925); Equitable Credit Co. v. State ex rel. Perry, 212 Ala. 407, 102 So. 803 (1925); Edwards v. State, 213 Ala. 122, 104 So. 255 (1925).
After the repeal of national prohibition, these rules continued to apply to cases involving illegal liquor, such as the transportation of liquor into “dry” counties for sale. U-Haul Co. of Alabama v. State, 294 Ala. 330, 316 So.2d 685 (1975); Alabama Discount Corp. v. State ex rel. Stephens, 271 Ala. 338, 123 So.2d 416 (1960); Tittle v. State, 252 Ala. 377, 41 So.2d 295 (1949); Hartzog-Ganey Motor Co. v. State ex rel. Reid, 222 Ala. 50, 130 So. 771 (1930).
In cases arising under the controlled substances statute at issue here, this Court has noted the “analogous forfeiture provisions” of § 28-4-285 and applied the above-discussed rules:
“The requisite notice necessary to excite suspicion and stimulate inquiry is necessarily determined by the facts of each particular case. It may be notice imputed by law, such as the reputation and general character of the violator in the community in which he works and lives.”
Singleton v. State, 396 So.2d 1050, 1054 (Ala.1981) (citations omitted). See also Pickron v. State, 443 So.2d 905 (Ala.1983); Air Shipping International v. State, 392 So.2d 828 (Ala.1981); and Pugh v. State ex rel. Galanos, 441 So.2d 931 (Ala.Civ.App.1983).
A close inspection of the statutes and cases, however, reveals that the statutes are not in pertinent respects similar, and that the “notice imputed as a matter of law” and “reasonable diligence” rules arise from provisions in the 1919 liquor law, Ala. Acts 1919, No. 7, which are not found in the controlled substances law. Code 1975, § 28-4-290, carried forward without amendment from the 1919 act, provides in part:
“[B]oth the court in condemnation proceedings and the [sheriff or other officer selling the property] on advertisement shall sell the right of all interested persons in and to said conveyances, vehicles and other property who aided or assisted in the illegal transportation or who had knowledge or notice thereof or could by reasonable diligence have obtained knowledge dr notice thereof.”
Thus, the “reasonable diligence” requirement was explicitly set forth in the liquor statute, whereas § 20-2-93(a)(5)b. provides that conveyances are not subject to forfeiture if the owner establishes that the controlled-substances violation occurred “without his knowledge or consent.”
The “notice of reputation” aspect of the liquor cases derives from the “aided or assisted” language of the 1919 act. In State v. Hughes, supra, decided a mere four months after passage of the act, the Court rejected the State’s position that selling a car to a person who uses it for *27 transporting illegal liquor is, without regard to the seller’s knowledge, “aiding or assisting.” “The words ‘aided or assisted,’ as used in this statute, imply either knowledge on the part of the person so aiding or assisting, or such negligence and want of care as to charge him with knowledge or notice that the property is to be used in violation of the law.” Id., 203 Ala. at 91, 82 So. at 105 (emphasis added). This holding expanded to include the imputation of notice of reputation as explained above.
It might be that actual notice of facts sufficient to raise the owner’s suspicions would bring on a duty to inquire and would constitute “knowledge” within the meaning of § 20-2-93(a)(5)b. In such event, the results in Singleton and Air Shipping International, supra, would be correct, even though the reasoning therein involves reliance on the liquor cases, whose applicability we now question. In both of those cases, the Court held that the circumstances were suspicious enough that the owners should have inquired.[1] Indeed, the owner of the airplane condemned in Air Shipping International admitted that he was concerned about the use of his airplane for drug smuggling. The Court held that his investigation of his lessee was not sufficient to establish lack of knowledge and thus to protect his interest from forfeiture. The Court also affirmed the forfeiture of the lienholder’s interest on the ground that the lienholder had not presented any evidence that it had no knowledge of the illegal use or that none could have been acquired through diligent inquiry.
The facts of the instant case do not show circumstances likely to arouse the suspicion of Metropolitan’s agents that Pugh was likely to use the car to violate the controlled substances law. While the transaction does show some irregularity, this is attributable to the eagerness of an inexperienced salesman to make a sale, even in the face of a bad credit report, and to his disregard of Metropolitan’s policy of not loaning cars for extended periods. The salesman’s poor judgment or inattention in allowing Pugh to keep the loaned car for 11 days does not amount to notice of the fact that Pugh planned to use the car for drug dealing. Under the limited provision of § 20-2-93(a)(5)b., we are not prepared to hold that the publicity about Pugh’s drug trials, held shortly before the transaction in question, imputed notice to Metropolitan as a matter of law. Certainly, in a large city such as Mobile an automobile dealer cannot be expected to know or inquire into the reputation of its customers as to violations of the controlled substances law.
Metropolitan’s evidence was that none of its agents or employees knew of Pugh’s reputation as a drug dealer. The State’s evidence showed that Pugh had been tried on a number of drug charges, that these trials had received “extensive publicity,” and that Pugh had a reputation in the community as a drug dealer, but the State did not introduce any evidence that Metropolitan or any of its agents had actual knowledge of these facts. Because § 20-2-93, unlike §§ 28-4-285 and -290, does not require reasonable diligence in inquiring as to the proposed use of the car or contain a provision that would impute notice of reputation as a matter of law, we hold that the trial court erred in determining that Metropolitan had not met its burden of proof required to defeat condemnation. The judgment is therefore reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES, BEATTY and HOUSTON, JJ„ concur.
MADDOX, ADAMS and STEAGALL, JJ., dissent.

. See also Pugh v. State ex rel. Galanos, 441 So.2d 931 (Ala.Civ.App.1983).