666 So.2d 825 (1993)
Manuel Dee ROWELL,
v.
STATE.
CR-90-1669.
Court of Criminal Appeals of Alabama.
September 30, 1993.
Rehearing Denied March 4, 1994.

After Remand from Alabama Supreme Court
McMILLAN, Judge.
The Alabama Supreme Court remanded this cause for this Court to consider the merits of Manuel Dee Rowell's argument that the trial judge erroneously admitted evidence *826 of a telephone pager found on his person and $800 in cash found in a work boot in the trunk of an automobile that the appellant owned jointly with Shawn Gray in his trial for possession of a controlled substance, in violation of § 13A-12-212(a)(1), Code of Alabama 1975, Ex parte Rowell, 666 So.2d 823 (Ala.1992). The appellant argues that the trial court committed reversible error in denying his motion to suppress the telephone pager and $800 in cash, because, he argues, this evidence was "irrelevant, immaterial and unduly prejudicial" and should not have been admitted into evidence in his trial for possession of a controlled substance.
The evidence presented by the State tended to show that, on January 31, 1991, police officers in the vice and narcotics division of the Opelika Police Department obtained a search warrant, authorizing a search of the appellant's residence and his car, as well as any individuals present at the time of the search. During the execution of that warrant, the police, with the aid of a drug-sniffing dog, discovered a matchbox that contained what appeared to be cocaine under the carpet of the floorboard of the driver's side of the appellant's car. The drug-sniffing dog also alerted to a work boot located in the trunk of the car. Although the boot contained no cocaine, it did contain $800 in cash. A search of the appellant's person revealed that he was carrying a telephone pager.
The appellant then presented the testimony of Mathew Gray, who testified that the appellant and Gray's brother, Shawn Gray, jointly owned the car in which the cocaine was found. He testified that his brother, Shawn, had died 10 days before the appellant's arrest and that his brother had had cocaine charges pending against him when he died. He testified that Shawn had driven the automobile in question. Additionally, Gray testified that he himself was also named as a suspect in the same search warrant authorizing the search of the appellant. He also testified that he had recently driven the car belonging to the appellant and his brother.
The appellant testified that he had no knowledge of the presence of the cocaine in his car. He also testified that the work boots, along with other items of clothing in the trunk, belonged to Shawn Gray. He stated that the money found in one of the boots did not belong to him.
In light of the Alabama Supreme Court's holding in Ex parte Rowell, that the appellant's objections to the admission of the pager and the money were stated with specificity, and thus were preserved for appellate review, we must determine whether the trial court erred in allowing testimony concerning this evidence.
"Any orderly analysis, as to the admissibility of an item of evidence, should begin with the concept of materiality. Fruitful inquiry into materiality can only begin when the objecting party succeeds in forcing his opponent to announce the purpose for which he is offering the evidence. Once that purpose is identified, the materiality question then becomes one of whether that purpose is an issue in the case being litigated. Stated alternatively, as expressed in the Federal Rules of Evidence, materiality involves whether the purpose `.... is of consequence to the determination of the action....'
"It is imperative for counsel to begin any evidentiary analysis with a consideration of materiality. Going first to relevancy may have deadly results in some cases. First, it may cause one to overlook the issue of materiality. Secondly, it places the objecting party in the intellectually awkward position of irrelevancy. Lastly, the party who contends that the evidence is irrelevanti.e. that the evidence doesn't lead in logic to the purpose for which it is offeredmay be argued to have waived any subsequently asserted immateriality objection based upon the assertion that the purpose is of no consequence to the action being litigated."
C. Gamble, McElroy's Alabama Evidence § 20.01 (4th ed. 1991). Regarding the test of relevancy employed in this state, it is well settled that evidence is relevant if it has any logical relationship to the purpose for which it is offered. "[U]nder this liberal test, a fact is admissible if it has any probative value, however slight, upon a matter in the case." See McElroy's Alabama Evidence § 21.01.
*827 Applying the foregoing principles to this case, we hold that the evidence was not material. More particularly, a review of the record indicates that the State was ostensibly proceeding under a theory of "possession with intent to sell." Such a theory is not recognized in this State, and evidence related to that theory is certainly not material to the charge of possession. The only evidence that should have been considered by the jury is evidence related to the issue whether the appellant possessed a controlled substance, and whether that substance was, in fact, cocaine.
In Johnson v. State, 484 So.2d 1121 (Ala. Cr.App.1985), this Court answered in the affirmative the question of whether the "street value" of a prohibited substance is immaterial where the defendant was charged with "possession". In Johnson, because the evidence tending to establish the defendant's guilt was strong, this Court held that the admission of otherwise immaterial evidence was harmless. Rule 45, A.R.App.P. See also Hare v. State, 53 Ala.App. 596, 302 So.2d 569 (1974) (wherein this Court held that, under the statute making it unlawful to possess heroin, the quantity of the drug possessed was immaterial because it was the possession that constituted a violation.); Cf. Reed v. State, 401 So.2d 131, 136 (Ala.Cr. App.1981), writ denied, 401 So.2d 139 (Ala. 1981) (search of defendant's house revealed 24 pounds of marijuana, 2 sets of scales, 3 cigarette rollers, guns, and money, this court found that evidence of the guns and money was relevant as part of the res gestae and had probative value to establish that defendant's possession of marijuana was not for personal use only in trafficking case.)
In this case, the admission of the evidence constituted reversible error. The trial court granted the appellant's motion to suppress his statements to police officers which he admitted that he had sold drugs in the past, but said that he had discontinued that practice. The trial court stated, "[t]hese statements are having to do with the subject of whether or not he is selling, has sold, no longer sells cocaine. An entirely different and more serious charge."
The facts indicate that the appellant was not shown to be in actual possession of the cocaine recovered by the police, in that the cocaine was found under a floorboard of a car which was jointly owned by the appellant and a recently deceased individual.
In Palmer v. State, 593 So.2d 143, 145 (Ala.Cr.App.1991) this Court stated:
"In order for the state to prove possession of a controlled substance, it must show: (1) actual or potential physical control, (2) an intent to exercise dominion, and (3) external manifestations of intent and control over the illegal substance. Korreckt v. State, 507 So.2d 558, 564 (Ala.Cr.App.1986); Donahoo v. State, 505 So.2d 1067, 1070 (Ala.Cr.App.1986); Radke v. State, 52 Ala.App. 397, 398, 293 So.2d 312, 313 (1973), aff'd, 292 Ala. 290, 293 So.2d 314 (1974). `Where constructive possession is relied on the state must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance.' Temple v. State, 366 So.2d 740, 741 (Ala.Cr.App.1978). Knowledge is usually established by circumstantial evidence. Korreckt, 507 So.2d at 565.

"When a person is in the nonexclusive possession of the premises where the controlled substance is found, an inference cannot be made that he knew of the presence of any controlled substance, unless there exist circumstances that support the inference. Temple, 366 So.2d at 743. There must be evidence that connects the defendant with the controlled substance. Id.

"`[W]hile establishing the close proximity of a defendant to an illegal substance is relevant to show his knowledge of its presence, this [alone] is insufficient to prove the required knowledge necessary to support a finding of constructive possession. Smith v. State, 457 So.2d 997 (Ala.Cr.App.1984). Furthermore, a defendant's mere presence in an automobile in which an illegal substance is found will not support his conviction for possession of that substance unless the state introduces other evidence in support of the defendant's possession. Story v. State, 435 So.2d 1360 (Ala.Cr.App. *828 1982), rev'd on other ground, 435 So.2d 1365 (Ala.1983). The kinds of other evidence or circumstances that could provide the additional support necessary to show possession are unlimited and will vary with each case. Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978).'

Perry v. State, 534 So.2d 1126, 1128 (Ala. Cr.App.1988)." (Emphasis added.)
Here, the only inculpable evidence against the appellant was that cocaine was found under the carpet of the floorboard of the jointly owned automobile, which he was driving at the time of the arrest. Because the State was unable to prove that the appellant was in exclusive possession of the vehicle in which the cocaine was discovered, it was incumbent upon the State to proffer additional evidence to support the inference that the appellant knew of the presence of the cocaine. See Rose v. State, 598 So.2d 1040, 1043 (Ala.Cr.App.1992) ("in determining whether a particular error was harmless or prejudicial, this court is to review a defendant's trial as a whole, rather than to focus solely on the error involved"). Thus, the evidence in question, while having little probative value in regard to a charge of possession, was highly prejudicial because it implied that the appellant might be guilty of another offense.
After reviewing the record, we are convinced that the evidence in question was highly prejudicial to the appellant and might have improperly influenced the jury's verdict. See Ex parte McCrary, 500 So.2d 1201 (Ala. Cr.App.1986); Lambeth v. State, 562 So.2d 573 (Ala.Cr.App.1989), aff'd, 562 So.2d 575 (Ala.1990).
The judgment of the trial court is therefore reversed and the cause remanded for action consistent with this opinion.
REVERSED AND REMANDED.
TAYLOR and PATTERSON, JJ., concur.
BOWEN, P.J., dissents with opinion.
MONTIEL, J., joins Judge BOWEN's dissent.
BOWEN, Presiding Judge, dissenting.
I respectfully dissent from the opinion of the majority.
The appellant was indicted and tried for the illegal possession of cocaine. The facts, as stated by the majority, are that the cocaine was located in a match box
"under the carpeted floorboard of the driver's side of the appellant's car. The drug-sniffing dog also alerted to a work boot located in the trunk of the car. Although the boot contained no cocaine, it did contain $800 in cash. A search of the appellant's person revealed that he was carrying a telephone pager."
The automobile was jointly owned by the appellant and his brother, who had died ten days before the search of the automobile.
The majority concludes that the admission of the cash and the telephone pager constituted reversible error because those items of evidence were immaterial:
"[A] review of the record indicates that the State was ostensibly proceeding under a theory of `possession with intent to sell.' Such a theory is not recognized in this State, and evidence related to that theory is certainly not material to the charge of possession. The only evidence that should have been considered by the jury is evidence related to the issue whether the appellant possessed a controlled substance, and whether that substance was, in fact, cocaine."
I cannot agree with the reasoning of the majority.
It is my opinion that, in a prosecution for the possession of a controlled substance, evidence that the appellant was engaged in the sale and distribution of drugs is highly material and relevant.
Contrary to the opinion of the majority, "possession with intent to sell" is not only a recognized "legal theory," it is also a crime in Alabama. The criminal offenses of "solicitation to commit the offense of distribution of a controlled substance," Tyler v. State, 587 So.2d 1238, 1243 (Ala.Cr.App.1991); attempt to commit a controlled substance crime, Ala. Code 1975, § 13A-12-203; and unlawful possession of marijuana in the first degree (possession *829 for other than personal use), § 13A-12-213(a)(1), may all involve "possession with intent to sell." In Metropolitan Toyota, Inc. v. State ex rel. Galanos, 496 So.2d 25 (Ala. 1986), a majority of the Alabama Supreme Court held that the State was not entitled to forfeiture of an automobile, absent a sufficient showing that the car dealership knew of the prospective purchaser's reputation as a drug dealer. Justice Maddox, in his dissent, wrote:
"Metropolitan claims that the State did not prove the drugs were for sale or receipt. Of course, I am aware of the principle of law that mere possession of drugs will not suffice for condemnation of a vehicle under § 20-2-93[,] ... but I believe the facts of this case show that the State proved, under applicable law, that the drugs were possessed by Pugh for sale, and that Metropolitan should have known that Pugh was reputed in the Mobile community to be a drug trafficker." (Emphasis added.)
Metropolitan, 496 So.2d at 29.
Evidence that the defendant was involved in the sale of drugs may be highly material and relevant in a prosecution for possession of a controlled substance. "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Proposed Alabama Rules of Evidence (Alabama Law Institute 1993).
In Reed v. State, 368 So.2d 326, 328-29 (Ala.Cr.App.1979), this Court noted:
"We have examined the evidence and found it sufficient to support the appellant's conviction for possession of a controlled substance.
". . . .
"The mere presence of the defendant in an automobile in which illicit drugs are found does not, without more, constitute sufficient proof of his possession of such drugs. Pryor v. State, 48 Ala.App. 465, 265 So.2d 907 (1972); Parks v. State, 46 Ala.App. 722, 248 So.2d 761 (1971). However the defendant's presence when coupled with the existence of additional evidentiary factors from which the defendant's unlawful possession may be inferred may furnish sufficient evidence to support a conviction for possession. 57 A.L.R.3d 1319 (1974). Other evidentiary factors which have been considered are (1) incriminating statements made by the defendant at the time of his arrest, 57 A.L.R.3d at 1326; (2) suspicious or incriminating behavior by the defendant when he became aware of the presence of law enforcement officers, 57 A.L.R.3d at 1327; (3) the participation of the defendant in a recent sale of drugs, 57 A.L.R.3d at 1328; (4) the fact that the defendant was under the influence of narcotics at the time of his arrest, 57 A.L.R.3d at 1329; (5) the proximity of the defendant to the location of the drugs, 57 A.L.R.3d at 1329; or (6) the fact that the drugs were found in plain sight in the automobile, 57 A.L.R.3d at 1330. The appellant's knowledge of the presence of drugs may be established by circumstantial evidence. Smith v. State, 351 So.2d 668 (Ala.Cr.App.), cert. denied, 351 So.2d 675 (Ala.1977); Roberts v. State, 349 So.2d 89 (Ala.Cr.App.), cert. denied, 349 So.2d 94 (Ala.1977).
"Here the evidence presented raised a question of fact for the jury. The presence of the appellant coupled with the evidence of his ownership, dominion and complete control over the vehicle, his state of intoxication without the odor of alcoholic beverages, his known past involvement with drugs, and the location of the drugs in the rear engine compartment of the appellant's vehicle constituted circumstantial evidence of the appellant's knowledge and possession of the drugs." (Emphasis added.)
In another context, this Court has observed that possession and sale constitute "inevitably or necessarily incidental" conduct. Tyler v. State, 587 So.2d 1238, 1242 (Ala.Cr. App.1991). In a prosecution for sale of marijuana, "evidence of possession of other narcotic drugs, two sets of scales, baggies and coin envelopes commonly used for packaging marijuana, and hidden money is properly admitted to show that appellant was, on the *830 date of the crime charged, engaged in the business of selling and was in possession of equipment and the means for so doing." Woods v. State, 437 So.2d 636, 638 (Ala.Cr. App.1983). See also Pinson v. State, 52 Ala. App. 444, 446, 293 So.2d 869 (1974) (in a prosecution for the sale of marijuana, officer was properly allowed to testify that defendant smoked marijuana on another occasion). Compare Tucker v. State, 429 So.2d 1165, 1171 (Ala.Cr.App.1983) ("it is usually improper [for the prosecutor in his argument to the jury] to characterize an accused as a drug pusher where he is only charged with possession").
The use of electronic pagers in connection with drug offenses has been recognized by the Alabama Legislature. See Ala.Code 1975, § 16-1-27. See also Harris v. State, 580 So.2d 33, 34-35 (Ala.Cr.App.1990), cert. denied, 502 U.S. 840, 112 S.Ct. 127, 116 L.Ed.2d 95 (1991).
In my opinion, the facts that the appellant was wearing a telephone pager and that $800 was found in a boot in the trunk of the car he was driving were merely circumstances for the jury to consider in determining whether the appellant was guilty of the constructive possession of cocaine. The appellant's contention that he had no idea of the presence of one item connected with drug activity that was discovered in the car he was driving may be plausible. However, the more items connected with drug activity that are found in the car, the less plausible his claim of unawareness becomes. The money and the pager were material and relevant to the issues of knowledge and intent. I would affirm the appellant's conviction on this ground.