I respectfully dissent from the opinion of the majority.
The appellant was indicted and tried for the illegal possession of cocaine. The facts, as stated by the majority, are that the cocaine was located in a match box
 "under the carpeted floorboard of the driver's side of the appellant's car. The drug-sniffing dog also alerted to a work boot located in the trunk of the car. Although the boot contained no cocaine, it did contain $800 in cash. A search of the appellant's person revealed that he was carrying a telephone pager."
The automobile was jointly owned by the appellant and his brother, who had died ten days before the search of the automobile.
The majority concludes that the admission of the cash and the telephone pager constituted reversible error because those items of evidence were immaterial:
 "[A] review of the record indicates that the State was ostensibly proceeding under a theory of 'possession with intent to sell.' Such a theory is not recognized in this State, and evidence related to that theory is certainly not material to the charge of possession. The only evidence that should have been considered by the jury is evidence related to the issue whether the appellant possessed a controlled substance, and whether that substance was, in fact, cocaine."
I cannot agree with the reasoning of the majority.
It is my opinion that, in a prosecution for the possession of a controlled substance, evidence that the appellant was engaged in the sale and distribution of drugs is highly material andrelevant.
Contrary to the opinion of the majority, "possession with intent to sell" is not only a recognized "legal theory," it is also a crime in Alabama. The criminal offenses of "solicitation to commit the offense of distribution of a controlled substance," Tyler v. State, 587 So.2d 1238, 1243
(Ala.Cr.App. 1991); attempt to commit a controlled substance crime, Ala. Code 1975, § 13A-12-203; and unlawful possession of marijuana in the first degree (possession *Page 829 
for other than personal use), § 13A-12-213(a)(1), may all involve "possession with intent to sell." In MetropolitanToyota, Inc. v. State ex rel. Galanos, 496 So.2d 25 (Ala. 1986), a majority of the Alabama Supreme Court held that the State was not entitled to forfeiture of an automobile, absent a sufficient showing that the car dealership knew of the prospective purchaser's reputation as a drug dealer. Justice Maddox, in his dissent, wrote:
 "Metropolitan claims that the State did not prove the drugs were for sale or receipt. Of course, I am aware of the principle of law that mere possession of drugs will not suffice for condemnation of a vehicle under § 20-2-93[,] . . . but I believe the facts of this case show that the State proved, under applicable law, that the drugs were possessed by Pugh for sale, and that Metropolitan should have known that Pugh was reputed in the Mobile community to be a drug trafficker." (Emphasis added.)
Metropolitan, 496 So.2d at 29.
Evidence that the defendant was involved in the sale of drugs may be highly material and relevant in a prosecution for possession of a controlled substance. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Proposed Alabama Rules of Evidence (Alabama Law Institute 1993).
In Reed v. State, 368 So.2d 326, 328-29 (Ala.Cr.App. 1979), this Court noted:
 "We have examined the evidence and found it sufficient to support the appellant's conviction for possession of a controlled substance.
". . . .
 "The mere presence of the defendant in an automobile in which illicit drugs are found does not, without more, constitute sufficient proof of his possession of such drugs. Pryor v. State, 48 Ala. App. 465, 265 So.2d 907 (1972); Parks v. State, 46 Ala. App. 722, 248 So.2d 761 (1971). However the defendant's presence when coupled with the existence of additional evidentiary factors from which the defendant's unlawful possession may be inferred may furnish sufficient evidence to support a conviction for possession. 57 A.L.R.3d 1319 (1974). Other evidentiary factors which have been considered are (1) incriminating statements made by the defendant at the time of his arrest, 57 A.L.R.3d at 1326; (2) suspicious or incriminating behavior by the defendant when he became aware of the presence of law enforcement officers, 57 A.L.R.3d at 1327; (3) the participation of the defendant in a recent sale of drugs, 57 A.L.R.3d at 1328; (4) the fact that the defendant was under the influence of narcotics at the time of his arrest, 57 A.L.R.3d at 1329; (5) the proximity of the defendant to the location of the drugs, 57 A.L.R.3d at 1329; or (6) the fact that the drugs were found in plain sight in the automobile, 57 A.L.R.3d at 1330. The appellant's knowledge of the presence of drugs may be established by circumstantial evidence. Smith v. State, 351 So.2d 668
(Ala.Cr.App.), cert. denied, 351 So.2d 675
(Ala. 1977); Roberts v. State, 349 So.2d 89
(Ala.Cr.App.), cert. denied, 349 So.2d 94
(Ala. 1977).
 "Here the evidence presented raised a question of fact for the jury. The presence of the appellant coupled with the evidence of his ownership, dominion and complete control over the vehicle, his state of intoxication without the odor of alcoholic beverages, his known past involvement with drugs, and the location of the drugs in the rear engine compartment of the appellant's vehicle constituted circumstantial evidence of the appellant's knowledge and possession of the drugs." (Emphasis added.)
In another context, this Court has observed that possession and sale constitute "inevitably or necessarily incidental" conduct. Tyler v. State, 587 So.2d 1238, 1242
(Ala.Cr.App. 1991). In a prosecution for sale of marijuana, "evidence of possession of other narcotic drugs, two sets of scales, baggies and coin envelopes commonly used for packaging marijuana, and hidden money is properly admitted to show that appellant was, on the *Page 830 
date of the crime charged, engaged in the business of selling and was in possession of equipment and the means for so doing."Woods v. State, 437 So.2d 636, 638 (Ala.Cr.App. 1983). See alsoPinson v. State, 52 Ala. App. 444, 446, 293 So.2d 869 (1974) (in a prosecution for the sale of marijuana, officer was properly allowed to testify that defendant smoked marijuana on another occasion). Compare Tucker v. State, 429 So.2d 1165, 1171
(Ala.Cr.App. 1983) ("it is usually improper [for the prosecutor in his argument to the jury] to characterize an accused as a drug pusher where he is only charged with possession").
The use of electronic pagers in connection with drug offenses has been recognized by the Alabama Legislature. See Ala. Code 1975, § 16-1-27. See also Harris v. State, 580 So.2d 33, 34-35
(Ala.Cr.App. 1990), cert. denied, 502 U.S. 840, 112 S.Ct. 127,116 L.Ed.2d 95 (1991).
In my opinion, the facts that the appellant was wearing a telephone pager and that $800 was found in a boot in the trunk of the car he was driving were merely circumstances for the jury to consider in determining whether the appellant was guilty of the constructive possession of cocaine. The appellant's contention that he had no idea of the presence of one item connected with drug activity that was discovered in the car he was driving may be plausible. However, the more items connected with drug activity that are found in the car, the less plausible his claim of unawareness becomes. The money and the pager were material and relevant to the issues of knowledge and intent. I would affirm the appellant's conviction on this ground.