RUSSELL, Judge.
This is a ease involving alleged tortious interference with business or contractual relations, corporate dissolution and a division of corporate assets, payment of back wages, and a counterclaim.
This is an appeal from a judgment, after an ore tenus hearing, in which the court denied all relief to Norma A. Leicht (appel- *1071 Iant) and awarded Arnold Ralph Anderson (appellee) $7,791 on his counterclaim. We affirm in part, reverse in part, and remand.
At the outset, we note that
“[i]t is the policy of this Court to presume correct the findings of the trial court based upon competent evidence, when the evidence is presented ore ten-us. Such findings will not be disturbed on appeal if supported by the evidence or any reasonable inference therefrom, unless they are plainly and palpably erroneous and manifestly unjust. Knapp v. Knapp, 392 So.2d 527 (Ala.198[0]); Mayo v. Andress, 373 So.2d 620 (Ala.1979)....”
First Alabama Bank v. Coker, 408 So.2d 510, 512 (Ala.1982).
“When a case is heard orally before the trial court sitting without a jury, the court’s findings of fact are presumed correct unless shown to be clearly contrary to the great weight of evidence. Eleven Automobiles v. State, 384 So.2d 1129 (Ala.Civ.App.1980).”
Art Belew Chevrolet, Inc. v. State ex rel. Harris, 424 So.2d 626, 628 (Ala.Civ.App.1982).
The appellant filed an action against several defendants, but Norma’s Castle Club and Restaurant, Inc., and individual defendants, Arnold Ralph Anderson and Aurora Lawen were the only parties served and before the court. Count one of the two-count complaint, seeking actual and punitive damages, alleged unlawful interference with a business or contractual relationship as a result of forceful, oppressive behavior by the appellees.
The second count sought relief to recover a fair and adequate amount for appellant’s interest in the appellee corporation, back salary for herself, and dissolution of the corporation.
Appellee Anderson filed a counterclaim for monies loaned or paid for appellant’s benefit during 1986.
After an ore tenus hearing, the court found for appellees on appellant’s claims and for appellee Anderson on his counterclaim in the amount of $7,791.
The appellant raises two issues on appeal. The first issue raised is that the evidence was insufficient to support the $7,791 judgment on the counterclaim. The record shows that appellee Anderson claimed $45,800 and interest for monies loaned to the appellant or paid for her benefit during 1986. In reviewing the record as to the testimony of the appellee as it pertains to that part of the counterclaim in issue, we find the following pertinent testimony:
“and an amount — I believe it’s $7,791 where I paid off a trailer that she did own in Seattle, Washington, or a Seattle suburb. I don’t think it’s in the city limits.
“Q When you say ‘a trailer,’ are you referring to a mobile home?
“A Yes.
“Q Did you ever have any ownership interest in this mobile home?
“A I thought I did.
“Q You have never received anything from the sale, the proceeds from it, have you?
“A No, sir.
On cross-examination the appellee testified in pertinent part as follows:
“A That’s part of it. And then seven — I told him about $7,800. It was $7,991 for the trailer, the mobile home.
“Q How did the trailer or mobile home get in here? Wasn’t that a personal transaction between you and Ms. Leieht?
“A Yes.
“Q When did that occur?
“A September 1985.
“Q Do you have any documentation, canceled checks, or anything on that?
“A The checking account that I had at that time was one where you never got canceled checks. I have a statement.
“Q So you don’t have anything to show that was actually done?
“A No, I really do, a little bit. I’ve got a man’s name, the realtor in Seattle, who handled the transaction that has a record that it was paid by my personal check. Okay?
*1072 “Q But you are not offering anything here today, Mr. Anderson, to support that?
“A No, sir. I have tried to get something and I can’t get it together.”
In examining this record, we find conflict in the appellee’s own testimony as to the correct amount he says was owed for the mobile home loan; and further find that the personal transaction occurred in 1985, not in 1986, which is inconsistent with his claim. With these facts established, we find the evidence insufficient to support the trial court’s judgment of $7,791 and reverse as to this issue. Since no issue is raised on appeal regarding the other portion of evidence offered to support the counterclaim, we pretermit a discussion as unnecessary.
The second issue presented by the appellant is the failure of the trial court to adjudicate, on undisputed facts and evidence, all claims for relief set forth in her complaint. We disagree.
After a careful review of the record, we concur with the trial court’s judgment summary of the appellant’s claims as set out in pertinent part as follows: “The plaintiff seeks damages from the defendants for alleged tortious interference with a business or contractual relationship and seeks to dissolve the defendant corporation, pay her back wages and divide the assets under the provisions of § 10-2A-195, Code of Alabama 1975.”
Furthermore, this court finds that the trial court’s judgment thoroughly and correctly addresses the second issue, and we adopt as our own that part of the judgment set out below:
“After consideration of the evidence, this Court finds the issues in favor of the defendants on the plaintiff’s claim for intentional interference with business or contractual relations. That cause of action requires the plaintiff to prove to the reasonable satisfaction of the Court the existence of a contract or business relationship; the defendants’ knowledge of the contract or business relationship; the intentional interference by the defendants with the contract or business relationship; the absence of justification for the defendants’ interference; and, damage to the plaintiff as a result of defendants’ interference. See Birmingham Television Corp. v. DeRamus, 502 So.2d 761 [Ala.Civ.App.1986]. The evidence in this case fails to reasonably satisfy the Court that the elements necessary to constitute the tort of intentional interference with business or contractual relations are present in this case.
“With respect to the plaintiff’s request that this Court dissolve the defendant corporation, the provisions of § 10-2A-195, Code of Alabama, 1975 authorize this Court to liquidate the assets and business of a corporation in an action by a shareholder when it is established that the directors are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, and that irreparable injury to the corporation is being suffered or is threatened by reason thereof; or, that the acts of the directors or those in control of the corporation are illegal, oppressive or fraudulent; or, that the shareholders are deadlocked in voting power, and have failed, for a period which includes at least two consecutive annual meeting dates, to elect successors to directors whose terms have expired upon the election of their successor; or, that the corporate assets are being misapplied or wasted; or, that the corporation is insolvent.
“The plaintiff has failed to reasonably satisfy this Court that any of those elements exist and therefore this Court is not authorized to dissolve the corporation and divide the assets. Additionally, this Court is not satisfied that the plaintiff has any claim for back wages. Apparently, the plaintiff was in complete control of the corporation during the time that she was there and was only authorized to apply the profits of the corporation to herself during that time. There is apparently no other agreement for the payment of wages to the plaintiff during the time in question.”
*1073 After careful consideration of the evidence and our own standard of review, we find that the trial court erred as to its judgment on the counterclaim and, therefore, reverse and remand to the trial court for entry of a judgment consistent with this opinion. Further, we affirm the trial court as to its judgment for appellees against the claims of the appellant.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.