RUSSELL, Judge.
Kathleen Goza appeals from a judgment of eviction entered by the trial court in favor of the Greater Gadsden Housing Authority (GGHA).
GGHA sent Goza its first notice to vacate on July 9, 1991, stating that it had elected to terminate her lease for violation of sections 5.V., 10.A.3., and 10.A.6. of the lease. On July 14, 1991, GGHA sent its second notice to vacate with a ten-day demand for possession. On August 12, 1991, GGHA sent another notice to vacate with a ten-day demand for possession. GGHA then filed a notice of eviction action in the district court on September 16, 1991. Judgment was entered in favor of GGHA. Goza appealed to the circuit court, and on November 8, 1991, after ore tenus proceedings, the circuit court entered a judgment in favor of GGHA. It then denied Goza’s motion for a new trial, and Goza appealed. We affirm.
At the outset we note that this court will presume correct the trial court’s findings based upon competent evidence that has been presented ore tenus and that such findings will not be disturbed when they are supported by the evidence or any reasonable inference therefrom. First Alabama Bank of Montgomery v. Coker, 408 So.2d 510 (Ala.1982); Leicht v. Norma’s Castle Club & Restaurant, Inc., 554 So.2d 1070 (Ala.Civ.App.1989).
The record reveals that Goza, who has five children, was a tenant of GGHA. Goza’s boyfriend, Ronald Martin, was arrested a number of times at or near Goza’s apartment for “DUI” (driving under the influence), disorderly conduct, harassment, and criminal trespass.
GGHA sent a letter to Martin at Goza’s address instructing him not to come on the property. Goza contested the action banning Martin from GGHA premises and asked that he be allowed to stay and to visit. Although Martin had been banned from GGHA property, there were complaints that he continued to appear on the property and to create disturbances.
A police officer testified that, after one of the incidents involving Martin, Goza asked the officer not to put Martin in jail but to let him come in the house. The police officer also testified that he saw Martin park in front of Goza’s apartment and let her children out of the car. Martin stated to another police officer who arrested him that he lived with Goza.
A court order also was entered in one of the cases against Martin ordering him not to return to GGHA property. There were a large number of complaints filed with GGHA regarding Martin’s actions, and three tenants who lived near Goza’s apartment moved out, allegedly due to problems caused by Martin while he was living with Goza.
A neighbor of Goza’s testified that, until she moved away due to the disturbances, she observed Martin going in and out of Goza’s apartment every day. She was continually cursed and threatened by Martin and once by Goza. There was testimony that Martin threatened to firebomb one of the neighbors and that he carried a baseball bat. Another neighbor testified that she saw Martin at Goza’s apartment on a regular basis and that she heard him threaten the other neighbor and shout obscenities.
Goza contends that she was evicted because of her relationship with Martin and that this was error. She claims that, although complaints were filed against Martin, she did not violate sections 5.V. and 10.A. of the lease and that the allegations against her were not proven.
The referenced sections of the lease provide as follows:
“5. Obligation of Tenant: Tenant agrees:
*332 [[Image here]]
“V. Not to take any action which may endanger the life or safety of other persons on Housing Authority property by discharging or threatening to discharge a firearm of any kind, including BB guns, or to use or threaten to use a knife, club or any other weapon against any other person on Housing Authority property. Any violation of this Section of the lease by the Tenant or members of the Tenant household, or guests will result in immediate cancellation of this lease.
[[Image here]]
“10. Termination of Lease:
“A. Landlord shall terminate or refuse to renew this lease for serious or repeated violation of the terms of this lease, such as;
[[Image here]]
“3. Serious or repeated interference with the rights of other tenants.
[[Image here]]
“6. Creation of physical or health hazards, or being involved in any criminal activity.”
Although Goza claims that she should not be responsible for Martin’s actions, the trial court held otherwise, and we agree. The incidents involving Martin began in April 1991, and the letter banning Martin from GGHA property was sent at the end of May. However, incidents continued to occur. Goza contested the action banning Martin from the property and continued to allow his presence at her apartment. In addition, the evidence shows that she fostered Martin’s harassing actions in some instances. The evidence shows that Martin clearly was on the property as Goza’s guest and with her permission.
Therefore, based on the above, we hold that there was sufficient evidence to support the judgment of the trial court and that the trial court did not err.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.